ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ROLANDO RIVAS CALZADA<br><br>Apelante<br><br>v.<br><br>CPG REAL ESTATE, CPG ISNALND SERVICING; DULANODE TAL, DBR DORADO OWNER LLC; MENGANA DE CUAL<br>Apelados | KLCE202300227 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: DDP2016-0090<br><br>Sobre: DAÑOS Y PERJUICIOS |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda del Toro y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 31 de marzo de 2023.

Comparece la parte peticionaria, Dorado Beach Golf Management, LLC, (parte peticionaria) y nos solicita que revisemos una *Resolución* emitida el 2 de febrero de 2023, notificada el 6 de febrero del 2023. Mediante el referido dictamen, el Foro recurrido declaró *No Ha Lugar* la *Moción en Torno a Resolución y Orden de 22 de noviembre de 2022[1]*. En síntesis, el Tribunal de Primera Instancia por voz del Hon. Eduardo R. Rebollo Casalduc, declinó denegar una Solicitud de Sentencia Sumaria Parcial mediante una Resolución que expusiera los hechos esenciales y pertinentes sobre los cuales no hay controversia, así como los que fueron realmente y de buena fe controvertidos, según requerido por la Regla 36.4 de Procedimiento Civil, infra.

Insatisfecho con el dictamen, el 8 de marzo de 2023, el peticionario instó un Recurso de *Certiorari* Y/O *Mandamus*. En adición, la parte peticionaria solicitó un Auxilio de Jurisdicción. Examinado el recurso y la solicitud de auxilio, mediante *Resolución*

---

[1] *Resolución* notificada el 28 de noviembre de 2022.

Número Identificador

SEN2023_____

notificada el 9 de marzo de 2023, este Tribunal ordenó la paralización de los procedimientos ante el Tribunal de Primera Instancia y le concedió a la parte recurrida un término de cinco (5) para presentar su posición al recurso.

Luego de la prórroga concedida, previa solicitud a esos efectos, la parte recurrida presentó su posición al recurso y solicitó la desestimación de este. Atendida la solicitud de desestimación, la declaramos *No Ha Lugar.*

Por las razones que expondremos a continuación, resolvemos *expedir* el auto solicitado, *revocar* la decisión recurrida y *devolver* el caso al Tribunal de Primera Instancia, para que se continúen con los procedimientos de forma compatible con esta decisión.

**I**

Conforme surge del expediente del recurso ante nuestra consideración, el 11 de febrero de 2016, el Sr. Rolando Rivas Calzada (parte recurrida) presentó una demanda contra CPG Real Estate; CPG Island Servicing[2]; Fulano de Tal; Aseguradora A; Aseguradora B. Posteriormente, el 21 de julio de 2017, la parte recurrida presentó una Demanda Enmendada para incluir como demandados a DBR Dorado Owner, LLC y Mengana de Cual. El 29 de agosto de 2017, el Tribunal de Primera Instancia permitió la enmienda solicitada. Así las cosas, el 20 de septiembre de 2019, la parte recurrida solicitó permiso para enmendar nuevamente la Demanda, con el propósito de sustituir el nombre de Mengana de Cual por Dorado Beach Golf Management, LLC.

Luego de varios trámites procesales, el 11 de abril de 2022, la parte peticionaria presentó una Solicitud de Sentencia Sumaria mediante la cual solicitó que se desestimara la Demanda presentada

---

[2] De conformidad con una moción conjunta presentada por la parte recurrida y por las codemandadas CPG Real Estate LLC y CPG Island Servicing LLC, el 2 de febrero de 2022, el Tribunal de Primera Instancia notificó Sentencia Parcial mediante la cual archivó con perjuicio las reclamaciones en contra de esas codemandadas.

en su contra, por haberse presentado la misma fuera del término prescriptivo. En la alternativa, solicitó que dictara sentencia y determinara que la inmunidad patronal impide que se considere que en el caso de autos hay solidaridad entre la parte peticionaria y la codemandada DBR Dorado Ownwer, LLC, así como entre la parte peticionaria y Luxury Hotels International of Puerto Rico, Inc.  En otras palabras, solicitó que se determinara que la peticionaria sólo respondería a la parte recurrida de aquel porcentaje de los daños que corresponda a su participación, si alguna, luego de descontada la suma correspondiente al grado de contribución de Luxury Hotels International of Puerto Rico Inc, y DBR Dorado Owner, LLC.

En atención a lo anterior, el 17 de mayo de 2022, la parte recurrida presentó una *Oposición a Solicitud de Sentencia Sumaria Parcial*, mediante la cual solicitó al Tribunal de Primera Instancia que declare *No Ha Lugar* la *Solicitud de Sentencia Sumaria Parcial* presentada por la parte peticionaria. Así las cosas, el Tribunal de Primera Instancia dictó una *Resolución,* notificada el 28 de noviembre de 2022, mediante la cual declaró *Con Lugar* la *Oposición a Solicitud de Sentencia Sumaria Parcial* presentada.  A esos efectos, el Tribunal dispuso lo siguiente: *"El Tribunal determina que la causa de acción no está prescrita en cuanto a Dorado Beach Golf Management, LLC conforme ya el Tribunal había establecido en Resolución emitida el 3 de julio de 2020. Se incorporan a esta Resolución los argumentos presentados por la parte demandante en la Oposición".*  Quiere decir que, en fines prácticos, al declarar *Con Lugar* la oposición a la solicitud de sentencia sumaria, el Tribunal el foro primario denegó la solicitud de sentencia sumaria presentada por la parte peticionaria[3].

---

[3] Cabe señalar que así lo reconoció el foro primario en su Orden del 15 de diciembre de 2022, en la cual dispuso que: "Se apercibe que el Tribunal atendió Solicitud de Sentencia Sumaria Parcial presentada el 11 de abril de 2022 en inciso II de Resolución y Orden de fecha de 22 de noviembre de 2022, notificada el 28 de noviembre de 2022."

En desacuerdo, el 13 de diciembre de 2022, la parte peticionaria presentó una *Moción en Torno a Resolución y Orden de 22 de noviembre de 2022*. En su moción, entre otras cosas, la parte peticionaria solicitó que el Tribunal de Primera Instancia dictara una Resolución de conformidad con la Regla 36.4 de Procedimiento Civil, supra, en la que enumere los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos.

Luego de varios trámites procesales, el 2 de febrero de 2023, notificada el 6 de febrero de 2023, el Tribunal de Primera Instancia emitió una Orden y Resolución mediante la cual, entre otros, declaró *No Ha Lugar* la *Moción en Torno a Resolución y Orden de 22 de noviembre de 2022*, presentada por la parte peticionaria.

Insatisfecho, el 8 de marzo de 2023, el peticionario acudió ante este Tribunal de Apelaciones mediante una petición de *Certiorari y Mandamus*, por medio de la cual nos plantea lo siguiente:

> **Erró el TPI al negarse reiteradamente a resolver la Solicitud de Sentencia Sumaria que presentó la compareciente de conformidad con lo requerido por la Regla 36.4 de Procedimiento Civil, amparándose en "que la causa de acción no está prescrita en cuanto a Dorado Beach Golf Managemente, LLC conforme ya el Tribunal había establecido en Resolución emitida el 3 de julio de 2020" mediante la cual se declaró no ha lugar una solicitud de desestimación presentada meramente a base de la alegaciones de la Segunda Demanda Enmendada.**

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II**

**A. El auto de *certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su

discreción, una decisión de un tribunal inferior. *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León*, supra, pág. 918. Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago*, supra, pág. 581; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. En lo pertinente, la precitada disposición reglamentaria dispone que:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de

decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable la justicia, al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. En lo pertinente, el precitado precepto dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:

> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales,

los cuales deberán ser elevados, o de alegatos más elaborados.

    E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

    F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

    G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Así, los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. *Mun. de Caguas v. JRO Contruction*, 201 DPR 703, 712 (2019). Es decir, que la delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación". *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

**B. Auto de Mandamus**

El Artículo 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421, define el auto de *mandamus* como un recurso altamente privilegiado, dictado por un tribunal de justicia a nombre del Gobierno de Puerto Rico y dirigido a alguna persona, corporación o tribunal de inferior jerarquía, requiriéndole el cumplimiento de algún acto dentro de sus atribuciones o deberes ministeriales. El auto de *mandamus* sólo procede para exigir el cumplimiento de un deber impuesto por la ley; es decir, un deber calificado de "ministerial" y que, como tal, no admite discreción en su ejercicio, sino que es mandatorio e imperativo. *AMPR v. Srio. Educación, ELA*, 178 DPR 253, 263 (2010).

El requisito fundamental para expedir el recurso de *mandamus* es la constancia de un deber claramente exigido por

ley que debe ser ejecutado. Si la ley prescribe y define el deber que debe cumplirse con tal precisión y certeza que nada deja al ejercicio de la discreción o juicio, el acto es ministerial. *Íd.* Por el contrario, cuando la ejecución del acto o la acción que se describe depende de la discreción o juicio del funcionario, tal deber no es ministerial y como tal, queda fuera del ámbito del recurso de *mandamus. Íd.*

El deber ministerial que exige el *mandamus* debe emanar de un empleo, cargo o función pública, por lo que el recurso procede contra todos los funcionarios del ejecutivo. *Noriega v. Hernández Colón*, 135 DPR 406, 449 (1994). Puede presentarse en contra funcionarios públicos, cualquier agencia, junta o tribunal inferior de nuestro sistema judicial, siempre que éstos estén obligados a ejecutar un acto por mandato de ley. Art. 650 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3422.

El auto de *mandamus,* como lo expresa la ley, es uno "altamente privilegiado". Ello significa que su expedición no se invoca como cuestión de derecho, sino que descansa en la sana discreción del foro judicial. *AMPR v. Srio. Educación, E.L.A.,* supra; *Ortiz v. Muñoz, Alcalde de Guayama*, 19 DPR 850 (1913). Su expedición no procederá en los casos en que se encuentre un recurso adecuado y eficaz en el curso ordinario de la ley. Art. 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423.

La Regla 54 de Procedimiento Civil establece los requisitos para presentar y atender un *mandamus*. A saber, el auto de *mandamus* podrá obtenerse presentando una solicitud jurada al efecto. Cuando el derecho a exigir la inmediata ejecución de un acto sea evidente y aparezca que no se podrá dar ninguna excusa por no ejecutarlo, el tribunal podrá ordenar perentoriamente la concesión del remedio; de otro modo, ordenará que se presente una contestación y tan pronto sea conveniente, celebrará una vista, recibiendo prueba, si es necesario, y dictará su decisión

prontamente, 32 LPRA Ap. V, R. 54. Se ha resuelto además que para la expedición de un auto de *mandamus* el tribunal deberá considerar los siguientes factores: (1) el posible impacto que éste pueda tener sobre los intereses públicos involucrados; (2) evitar una intromisión indebida en los procedimientos del poder ejecutivo, y (3) que el auto no se preste a confusión o perjuicio de los derechos de terceros. *Noriega v. Hernández Colón*, supra, pág. 448.

En términos procesales, debe existir un requerimiento previo del peticionario hacia el demandado para que este cumpla con el deber exigido. *AMPR v. Srio. Educación, E.L.A.,* supra, pág. 267; *Noriega v. Hernández Colón, supra,* págs. 448-449. Solo se exime de este requisito cuando aparece que el requerimiento hubiese sido inútil e infructuoso, pues hubiese sido denegado si se hubiera hecho; o cuando el deber que se pretende exigir es uno de carácter público a diferencia de uno de naturaleza particular, que afecta solamente el derecho del peticionario. (Citas omitidas). *Íd.*

De otra parte, la carga probatoria en la concesión o denegación de un auto de *mandamus* descansa sobre el peticionario. *AMPR v. Srio. Educación, E.L.A., supra*, pág. 269. Es este quien tiene la obligación de demostrar la existencia de un deber ministerial que no ha cumplido el funcionario público contra quien se ha presentado el recurso. Una vez la parte demandante prueba la existencia de un deber ministerial y que este no se ha cumplido, le corresponde al funcionario sobre quien recae tal deber ministerial la carga probatoria de demostrar que la concesión del auto afectaría negativamente un interés público mayor o que simplemente se le hace imposible. *Íd.*

El Tribunal de Apelaciones podrá conocer en primera instancia una petición de *mandamus.* Art. 4.006 (d) de la Ley Núm. 201-2003, Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, 4 LPRA sec. 24y. Dicha petición se regirá por la

reglamentación procesal civil, por las leyes especiales pertinentes y por las reglas aplicables del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 55 En particular, la Regla 54 del Reglamento del Tribunal de Apelaciones rige la presentación de los procedimientos de *mandamus* ante este Tribunal al disponer, en lo pertinente, que:

(A) Cualquier petición para que el tribunal expida un recurso de hábeas corpus o mandamus contendrá numeradas, en el orden que aquí se dispone, las partes siguientes:

(1) Las citas de las disposiciones legales que establecen la jurisdicción del tribunal y la Región Judicial a la que corresponde el recurso de conformidad con la ley y el inciso (G) de esta regla.

(2) Un breve resumen de los hechos.

(3) Un señalamiento breve y conciso de las controversias de derecho planteadas en la petición, de las disposiciones de la ley y de la jurisprudencia aplicables.

(4) Un argumento de las controversias planteadas.

(5) La súplica.

(B) En los casos en que el recurso de hábeas corpus o mandamus plantee alguna cuestión que trate sobre la comisión de algún error por un tribunal, relacionado con la suficiencia o apreciación de la prueba oral, la parte peticionaria procederá conforme lo disponen las Reglas 76 y 76.1 de este apéndice.

(C) La cubierta de la petición contendrá solamente el epígrafe, el cual identificará a la parte peticionaria y a las partes contrarias como demandadas, y el nombre, la dirección postal, el teléfono, el número de fax, la dirección del correo electrónico y el número del Tribunal Supremo del abogado o abogada de la parte peticionaria, si hubiera. Inmediatamente después, habrá un índice detallado de la petición que se ajustará a lo dispuesto en la Regla 75.

(D) Cualquier documento que se deba traer a la atención del Tribunal de Apelaciones en esta etapa del procedimiento se unirá al final de la petición como apéndice.

[…]

(I) En todo caso en que el Tribunal de Apelaciones considere que no se justifica el ejercicio de su jurisdicción, ordenará el traslado a la Sala del Tribunal de Primera Instancia que corresponda. Tal orden no se considerará en forma alguna una adjudicación en los méritos.

(J) La parte peticionaria emplazará a todas las partes a tenor con las disposiciones de las Reglas de Procedimiento Civil y de las leyes pertinentes. Cuando se trate de un recurso de mandamus dirigido contra un juez(a) para que éste(a) cumpla con un deber ministerial con relación a un caso que esté pendiente ante su consideración, el peticionario no tendrá que emplazar al juez(a) de acuerdo a las disposiciones pertinentes de las Reglas de Procedimiento Civil. En estos casos, bastará con que el peticionario notifique al juez(a) con copia del escrito de mandamus de conformidad a lo dispuesto en la Regla 13(B) de este apéndice. También deberá notificar a las otras partes en el pleito que originó la petición de mandamus y al tribunal donde éste se encuentre pendiente, de conformidad con la Regla 13(B) de este apéndice. 4 LPRA Ap. XXII-B, R. 55.

### C. Sentencia Sumaria

El propósito de las Reglas de Procedimiento Civil es proveerles a las partes que acuden a un tribunal una "solución justa, rápida y económica de todo procedimiento". 32 LPRA Ap. V, R.1. Así, la Regla 36 del mencionado cuerpo procesal atiende lo referente al mecanismo de sentencia sumaria.

A la luz de sus disposiciones, si de "las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente, y que como cuestión de derecho el tribunal debe dictar la sentencia sumaria a favor de la parte promovente". Regla 36.3 de Procedimiento Civil, 32 LPRA, Ap. V, R. 36.3. En ese sentido, se considera un hecho material o esencial, "aquel que pueda afectar el resultado de la reclamación de acuerdo al derecho sustantivo aplicable." SLG Szendrey-Ramos v. Consejo de Titulares, 184 D.P.R. 133, 167 (2011). Cabe señalar que el juzgador no está limitado a los hechos o documentos que se produzcan en la solicitud, sino que puede tomar en consideración todos los documentos que obren en el expediente del tribunal.

Solamente se dictará sentencia sumaria en casos en los cuales el tribunal tenga ante su consideración todos los hechos necesarios y pertinentes para resolver la controversia y surja claramente que la parte promovida por el recurso no prevalecerá. Mejías *et al.* v. Carrasquillo *et al.*, 185 DPR 288, 299 (2012); PFZ Props., Inc. v. Gen. Acc. Ins. Co., 136 DPR 881, 911-912 (1994). Sin embargo, el tribunal no podrá dictar sentencia sumaria cuando: (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la Demanda que no han sido refutadas; (3) surja de los propios documentos que acompañan la moción una controversia real sobre algún hecho material; o (4) **la moción no procede como cuestión de derecho**. SLG Szendrey-Ramos v. Consejo de Titulares, *supra*, pág. 168.

Para prevalecer, el promovente de este recurso debe presentar una moción fundamentada en declaraciones juradas o en cualquier evidencia que demuestre la inexistencia de una controversia sustancial de hechos materiales sobre la totalidad o parte de la

reclamación. Roldan Flores v. M. Cuebas *et al.*, 199 D.P.R. 664, 676 (2018).

Por su parte, la parte promovida por una moción de sentencia sumaria debe demostrar que existe controversia en cuanto a algún hecho material que sea constitutivo de la causa de acción del demandante. Oriental Bank v. Perapi et al., 192 D.P.R. 7, 25-26 (2014). Así, la parte que se opone a que se dicte sentencia sumaria en su contra debe controvertir la prueba presentada y no cruzarse de brazos. ELA v. Cole, 164 D.P.R. 608, 626 (2005). No puede descansar en meras afirmaciones contenidas en sus alegaciones ni tomar una actitud pasiva, sino que está obligada a presentar contradeclaraciones juradas y/o contradocumentos que pongan en controversia los hechos presentados por el promovente. Roldán Flores v. M. Cuebas *et al.*, *supra*, pág. 677; Ramos Pérez v. Univisión, 178 DPR 200, 214-215 (2010).

Según las directrices pautadas por nuestro más Alto Foro, una vez se presenta la solicitud de sentencia sumaria y su oposición, el tribunal deberá: (1) **analizar todos los documentos incluidos en ambas mociones y aquellos que obren en el expediente del tribunal**; y (2) determinar si la parte opositora controvirtió algún hecho material o **si hay alegaciones en la demanda que no han sido refutadas en forma alguna por los documentos**. Abrams Rivera v. ELA, DTOP y otros, 178 D.P.R. 914, 932 (2010).

Al examinar la procedencia de una moción que solicita disponer de un caso sumariamente, el tribunal no tiene que sopesar la evidencia y determinar la veracidad de la materia, **sino que su función estriba en determinar la existencia o no de una controversia genuina, la cual amerite ser dilucidada en un juicio plenario**. JADM v. Centro Comercial Plaza Carolina, 132 D.P.R. 785, 802-803 (1983). Efectuado dicho análisis jurídico, si el Tribunal de Primera Instancia concluye que no procede dictar sentencia

sumariamente, está compelido a cumplir con las disposiciones de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4.

Conviene, pues, citar la parte pertinente de la referida Regla, a saber:

> *Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la misma, y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad.* 32 LPRA Ap. V, R. 36.4.

Como surge de las precitadas disposiciones reglamentarias, la obligación del foro primario de exponer, mediante su dictamen, aquellos hechos que están en controversia y los que no lo están al resolver toda moción de sentencia sumaria, aplica cuando no se dispone de la totalidad del pleito mediante sentencia sumaria o cuando no se concede todo el remedio que se solicita en la moción. Lo anterior es cónsono con las disposiciones de la Regla 42.2 de Procedimiento Civil del mismo cuerpo reglamentario, la cual exime expresamente de la obligación de fundamentar toda sentencia dictada en algunas situaciones. Expresamente, la Regla 42.2 de dicho cuerpo reglamentario exime al foro de instancia de cumplir con esta norma "[a]l resolver mociones bajo las Reglas 10 o 36.1 y 36.2 de este apéndice". 32 LPRA Ap. V, R. 42.2. Es decir, el hecho de que el foro de instancia dicte sentencia sumariamente o deniegue una moción de sentencia sumaria, de forma parcial o total, tiene un efecto en cuanto a la naturaleza del dictamen que se emita y a las reglas procesales aplicables para fines de su revisión apelativa.

En el caso de revisar la determinación del TPI respecto a una sentencia sumaria, este Foro apelativo se encuentra en la misma

posición que el foro de instancia para evaluar su procedencia. *Rivera Matos et al. v. Triple-S et al*, 204 DPR 1010, 1025 (2020); *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 118 (2015). La revisión que realice el foro apelativo deberá ser *de novo* y estará limitado a solamente adjudicar los documentos presentados en el foro apelado. *Vera v. Bravo*, 161 DPR 308, 335 (2004). De modo que las partes que recurren a un foro apelativo no pueden litigar asuntos que no fueron traídos a la atención del foro de instancia. Íd. En adición a esta limitación, se ha aclarado que al foro apelativo le está vedado adjudicar los hechos materiales esenciales en disputa, porque dicha tarea le corresponde al foro de primera instancia. *Vera v. Dr. Bravo***, *supra*, págs. 334-335.

En *Meléndez González et al. v. M. Cuebas, supra,* nuestro más Alto Foro delimitó los pasos del proceso a seguir para la revisión de la sentencia sumaria por parte de este foro revisor, el cual consiste de: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles son incontrovertibles; (4) y, de encontrar que los hechos materiales realmente son incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho a la controversia. Íd., págs. 118-119.

**III**

La parte peticionaria presentó un recurso de certiorari y/o *mandamus* con relación a la Resolución del Tribunal de Primera

Instancia notificada el 6 de febrero de 2023. Sin embargo, según explicamos anteriormente, la expedición de un *mandamus* no procederá en los casos en que se encuentre un recurso adecuado y eficaz en el curso ordinario de la ley. En el presente caso, existe un recurso adecuado y eficaz para atender la controversia ante nos, por lo que acogemos el recurso como un recurso de certiorari exclusivamente.

En el caso de autos, debemos determinar si el Tribunal de Primera Instancia resolvió correctamente al declarar *Con Lugar* la *Oposición a Solicitud de Sentencia Sumaria* presentada por la parte recurrida mediante su Resolución notificada el 28 de noviembre de 2022, y en consecuencia, negarse a resolver de conformidad con la Regla 36.4 de Procedimiento Civil, supra, mediante su Resolución notificada el 6 de febrero de 2022.

Conforme hemos discutido, el 11 de abril de 2022, la parte peticionaria presentó una Solicitud de Sentencia Sumaria mediante la cual solicitó que se desestimara la Demanda presentada en su contra, por haberse presentado la misma fuera del término prescriptivo. En la alternativa, solicitó que se determinara que la peticionaria sólo respondería a la parte recurrida de aquel porcentaje de los daños que corresponda a su participación, si alguna, luego de descontada la suma correspondiente al grado de contribución de Luxury Hotels International of Puerto Rico Inc, y DBR Dorado Owner, LLC.

Posteriormente, el 17 de mayo de 2022, la parte recurrida presentó una *Oposición a Solicitud de Sentencia Sumaria Parcial*, mediante la cual solicitó al Tribunal de Primera Instancia que declare *No Ha Lugar* la *Solicitud de Sentencia Sumaria Parcial* presentada por la parte peticionaria. Así las cosas, el Tribunal de Primera Instancia dictó una *Resolución,* notificada el 28 de

noviembre de 2022, mediante la cual declaró *Con Lugar* la *Oposición a Solicitud de Sentencia Sumaria Parcial* presentada.

En otras palabras, al declarar *Con Lugar* la oposición a la solicitud de sentencia sumaria, el Tribunal el foro primario denegó la solicitud de sentencia sumaria presentada por la parte peticionaria sin cumplir con la Regla 36.4 de Procedimiento Civil, supra. Consecuentemente, el 13 de diciembre de 2022, la parte peticionaria presentó una *Moción en Torno a Resolución y Orden de 22 de noviembre de 2022,* en la que solicitó al Tribunal de Primera Instancia que dictara una Resolución en la que enumere los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos.

La Regla 36.4 de Procedimiento Civil, supra, es clara en cuanto a que si en virtud de una moción de sentencia sumaria no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la misma, y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos. En el presente caso, el Tribunal de Primera Instancia no lo hizo. Por lo tanto, resulta forzoso concluir que erró el Tribunal de Primera Instancia al no hacerlo.

**IV**

Por los fundamentos que anteceden, los cuales se hacen formar parte del presente dictamen, se declara No Ha Lugar la Solicitud de Desestimación presentada por la parte recurrida y se *expide* el auto solicitado. En consecuencia, se *revoca* la decisión recurrida y se devuelve el caso al Tribunal de Primera Instancia,

para la continuación de los procedimientos de forma compatible con lo aquí dispuesto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones