ORTIZ, APELANTE, *v.* MUÑOZ, ALCALDE DE GUAYAMA, APELADO.

APELACIÓN procedente de la Corte de Distrito de Guayama.

No. 973.—Resuelto en junio 25, 1913.

MANDAMUS.—El *mandamus* es una acción o procedimiento judicial de naturaleza civil, extraordinario, en el sentido de que procede sólo cuando no existe otro remedio adecuado, de carácter privilegiado, ya que la expedición así del alternativo como del perentorio descansa en la discreción de la corte, y dirigido a poner en vigor solamente derechos legales claros y a compeler a las cortes a conocer y a proceder en el ejercicio de su jurisdicción, o a compeler a corporaciones públicas y privadas, a juntas públicas y a comisionados y funcionarios a ejercer su jurisdicción o discreción y a cumplir deberes ministeriales que resulten de su empleo, fideicomiso o situación y sean clara y perentoriamente impuestos por la ley como absolutos y oficiales.

ID.—ORDENANZA MUNICIPAL—LICENCIA PARA EJERCER COMO TABLAJERO—FACULTAD DEL ALCALDE PARA EXPEDIRLA Y REVOCARLA.—En el presente caso se demostró que estaba en vigor una ordenanza municipal que facultaba al alcalde para expedir y revocar licencias para ejercer como tablajero en el mercado de la ciudad; que el peticionario de acuerdo con la ordenanza solicitó y obtuvo una licencia; que comenzó a ejercer y ejerció su oficio de tablajero; que durante el curso del mismo fué denunciado por vender carne falta de peso; que el alcalde practicó una amplia investigación, con conocimiento previo y a la presencia del peticionario y llegó a la conclusión de que el peticionario era culpable y le retiró la licencia sin que contra la resolución del alcalde entablara el peticionario recurso alguno, y que días después el peticionario pidió al alcalde que le renovara la licencia, fundándose en que había sido absuelto por la corte municipal del mismo hecho de que fué denunciado ante el alcalde, y el alcalde se negó a renovar la licencia. Entonces el peticionario presentó una solicitud de *mandamus* para que se obligara al alcalde a renovar la licencia. Se resolvió: 1, que la validez o nulidad de la ordenanza no estaba envuelta en el litigio, ya que el mismo peticionario se había acogido a sus preceptos reconociendo de hecho su validez; 2, que la sentencia de la corte municipal tuvo el efecto de absolver al acusado y de librarlo de toda responsabilidad criminal, pero el alcalde no tenía el deber absoluto de sustituir su juicio formado por el examen directo de la prueba practicada en la investigación administrativa, por el juicio del juez municipal; 3, que no se demostró que el alcalde abusara de su discreción, y 4, que el juez sentenciador no erró al negarse a expedir el auto de *mandamus*.

VENTA DE ARTÍCULOS FALTOS DE PESO.—Con arreglo a una ordenanza que determina un castigo por usar balanzas de peso falso, el hecho de que dichas ba-

lanzas pierdan su equilibrio por haberseles puesto otros platillos después de limpiadas, no constituye una defensa válida. *The City of New York* v. *Biffle*, 91 N. Y. Sup. 737, Kerr's Penal Code, párrafo 553.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. Domínguez Rubio.*

Abogado del apelado: *Sr. José C. Ramos.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Modesto Ortiz presentó una solicitud de *mandamus* en la Corte de Distrito de Guayama, alegando en resumen:

1. Que el oficio del demandante es el de tablajero.

2. Que el demandado es el alcalde de la corporación municipal de Guayama.

3. Que entre las ordenanzas del municipio de Guayama existe una aprobada en febrero, 1911, y enmendada en fecha reciente no obstante encontrarse la misma en litigio, cuya sección pertinente dice así:

"Queda autorizado el Señor Alcalde para extender la correspondiente licencia siempre que la solicitud venga acompañada de una certificación de buena salud extendida por el Oficial de Sanidad, esté firmada por el interesado ante el secretario municipal o ante un funcionario autorizado por la ley para el reconocimiento de firmas, y venga acompañada de una recomendación que acredite la capacidad del solicitante y de una fianza autorizada por dos fiadores abonados, a satisfacción del Señor Alcalde, que paguen contribuciones y posean bienes raíces por valor de más de cien dollars excluyendo los bienes exentos de ejecución, por cuya fianza que deberá ser firmada al igual de dicha recomendación ante el secretario municipal o ante cualquier funcionario autorizado por la ley para el reconocimiento de firmas, se comprometan dichos fiadores a responder de cualquier daño que cause el solicitante en los puestos de venta, o en los útiles y utensilios propiedad del municipio que existen en los mismos."

4. Dicha ordenanza, que se refiere a los requisitos que deben tener los individuos que deseen ejercer el cargo de tablajero, contiene otra sección que dice así:

"No podrá desempeñar ningún puesto en el matadero municipal ni en las mesas de expender carnes, ninguna persona que no esté

provista de una licencia que le autorice para el cargo que va a ocupar.''

5. Que deseando el peticionario dedicarse al ejercicio de su profesión, de acuerdo con la ordenanza municipal referida presentó al demandado, en la forma que prescribe la ordenanza, una solicitud acompañada de su certificado de salud, y recibió por respuesta la siguiente carta:

''Guayama, P. R., 21 de diciembre de 1912. Señor Don Modesto Ortiz, Ciudad. Señor: Contestando a su solicitud del 20 de los corrientes, esta alcaldía por la presente reitera su comunicación anterior sobre su pretensión de ocupar nuevamente un puesto de tablajero en el mercado municipal, significándole por segunda vez que no tiene nada que rectificar en su resolución obrante en el expediente incoado con motivo de haber vendido Vd. carne falta de peso a un vecino de esta ciudad y de la cual se le expidió copia oportunamente. Atentamente, José Muñoz Vázquez, Alcalde.''

6. Que es falso que el peticionario vendiera carne falta de peso. Que el peticionario fué denunciado por ese delito ante la corte municipal, revocándosele la licencia, pero fué absuelto por la dicha corte. Que la denuncia se hizo por un empleado del municipio con el solo y avieso fin de impedir que el peticionario vendiera la carne de Miguel Truyol, y

7. Que el peticionario desea dedicarse al ejercicio de su profesión y no tiene otro remedio para obtener su licencia que el remedio de *mandamus.*

La Corte de Distrito de Guayama libró el auto solicitado, en forma alternativa, y el demandado contestó, en resumen:

1. Que la petición no aducía hechos suficientes para determinar una causa de acción.

2. Que el peticionario tiene un remedio adecuado en ley en la acción ordinaria que le reserva la sección 93 de la ley municipal o en una acción de daños y perjuicios.

3. Que el día 23 de noviembre de 1912, recibió el demandado en su carácter de alcalde municipal de la ciudad de Guayama, una queja formulada contra el peticionario Modesto

Ortiz, por el inspector de la plaza del mercado público, propiedad del municipio, por la cual se acusaba a dicho Modesto Ortiz de expender carne falta de peso a determinada persona; y vista la queja presentada, el demandado, haciendo uso de la facultad que le concedía la sección 3ª. de la ordenanza vigente en dicha fecha, procedió a la investigación administrativa correspondiente, para la cual fué citado y compareció el denunciado y los testigos en su contra. Y después de haberse llenado todos los requisitos legales, quedó convencido el demandado de la verdad del cargo, objeto de la investigación, y en su virtud separó definitivamente de su cargo de tablajero en el mercado municipal de esta ciudad, al peticionario Modesto Ortiz, dejando nula y sin valor alguno la licencia que a dicho peticionario expidió la alcaldía municipal de Guayama, la cual le autorizaba para ejercer como tablajero; y que de tal resolución fué notificado el interesado en forma.

4. Que la sección 3ª. de dicha ordenanza vigente en la fecha de la investigación referida facultaba al alcalde demandado para la revocación, en cualquier momento, por razones que se juzgaren convenientes para el mejor servicio, confiriendo así al demandado en su carácter de alcalde de Guayama, una facultad discrecional, cuasi-judicial, que ejercitó el demandado de una manera propia y adecuada y con arreglo a ley, en el caso de que se queja el peticionario.

5. Que el poder de revocación conferido por la ameritada sección 3ª. de dicha ordenanza entonces vigente, implica el derecho a negarse a conceder una nueva licencia, por las mismas causas que hubieran podido dar origen a la revocación de la primitiva. Que el demandante ahora peticionario, aceptó la licencia de tablajero revocádole como se alega en el párrafo 3º., que precede, bajo la condición de que la misma podría revocarse en cualquier momento, por razones que se juzgasen convenientes para el mejor servicio, y ahora está impedido (*estopped*), de alegar en contra de la revocación de la misma, o de la no expedición de una nueva licencia originada por los mismos motivos de la revocación.

6. Y el demandado alega, además, que en todo caso, cuando el peticionario presentó su nueva solicitud el día 20 del corriente, las secciones 2ª. y 3ª. de la ordenanza titulada "Ordenanza para regular el servicio de empleados de la matanza de ganado y expendio de carnes en el matadero y mercado municipal" aprobada por el concejo municipal en 18 de febrero de 1911, había sido enmendada, estando vigentes dichas enmiendas en la siguiente forma: Se transcriben la sección 2, que ha sido ya copiada al resumir las alegaciones del peticionario y la sección 3, que dice así:

"La licencia será por un término de 30 días y el Señor Alcalde podrá revocarla en cualquier momento o negarse a expedir otra nueva caso que el interesado hubiere sido encontrado administrativamente culpable en virtud de quejas promovidas por el inspector del mercado y matadero municipal de infracción de cualquier ordenanza o reglamento dictado para regular las labores en el matadero y mercado público o por incurrir en cualquiera de las contravenciones siguientes: (a) Vender carne falta de peso; (b) Defraudar en cualquier forma a los compradores de carne; (c) Usar hacha o cualquier otro instrumento que deteriore los artefactos en uso para dividir los huesos; (d) Por infracción de cualquier ley, ordenanza o reglamento de Sanidad en vigor; (e) Proferir palabras obscenas o indecorosas o verificar cualquier acto inmoral dentro de los establecimientos en que ejerza su oficio; (f) Por dejar de concurrir al peso de las carnes a la hora que se señale de antemano por el inspector del mercado y matadero municipales; (g) Por dejar de concurrir a la hora fijada de antemano por el dicho inspector para la matanza del ganado de acuerdo con la ordenanza que rige sobre este extremo; (h) Por haber sido condenado por un tribunal competente de cualquier delito que apareje depravación moral."

Y de acuerdo con dicha sección 3ª. enmendada, que faculta al alcalde demandado para negarse a expedir una licencia como la que ahora nos ocupa, cuando el peticionario haya sido encontrado administrativamente culpable de vender carne falta de peso, o defraudar en cualquier forma a los compradores de carne, o por infracción de cualquier ordenanza o reglamento dictada para regular las labores en el matadero y mercado, en

vista de haber sido el demandante, ahora peticionario, encontrado administrativamente culpable de vender carne falta de peso, con infracción de lo preceptuado en dicha sección tercera ameritada, con anterioridad a su solicitud, el alcalde ahora demandado tenía perfecto derecho de ejercitar como ejercitó su facultad discrecional, al no conceder al demandante peticionario la licencia en cuestión.

7. Mas en todo caso, alega el demandado, que el poder discrecional concedídole por la sección tercera vigente en la fecha de la revocación de la licencia del demandante, para apreciar qué razones son suficientes para revocar una licencia o negarse a expedir una nueva, con objeto de mejorar el servicio público, no pudo quedar limitado por la acción judicial, pues en primer término no se requiere el mismo grado de certeza respecto a la culpabilidad de un denunciado en un proceso administrativo como en uno criminal y hasta puede resultar un acusado inocente de un delito por falta de intención criminal, y sin embargo ser culpable del hecho imputádole administrativamente, ya porque medie negligencia de su parte o por cualquier otra causa.

Señalado día para la vista, comparecieron las partes y se practicó la prueba. La del peticionario consistió en la correspondencia cruzada con el alcalde con motivo de sus gestiones para desempeñar el oficio de tablajero, incluyéndose en uno de los escritos una certificación de la sentencia absolutoria de la corte municipal, y en la declaración del testigo Arroyo Vázquez que se limitó a declarar que el peticionario era la misma persona contra quien se presentó la denuncia, y que ejercía antes el oficio de tablajero y no lo ejerce ahora. La del demandado consistió en las declaraciones del alcalde y del secretario del municipio y en el expediente gubernativo tramitado con motivo de la denuncia contra el peticionario. Dicho expediente, que se presentó con el único objeto de demostrar que se había hecho la investigación, contiene: la denuncia; la orden mandando investigarla; la carta dirigida al peticionario citándolo para la investigación; idem a los testigos; las

declaraciones de cinco testigos prestadas a la presencia del acusado, y la resolución del alcalde. Terminada la prueba del demandado, el peticionario presentó al testigo Alonso Pizarro quien declaró que a veces por defecto en las romanas y no por la voluntad del tablajero, puede venderse carne falta de peso y adujo algunos ejemplos.

Con vista de las alegaciones y las pruebas y después de examinar los alegatos que ambas partes le presentaron, la corte de distrito resolvió en definitiva no haber lugar a expedir el auto de *mandamus*. Contra esa resolución de la corte dictada en 3 de marzo de 1913, interpuso el peticionario el presente recurso de apelación.

El auto de *mandamus* es un auto altamente privilegiado dictado por el Tribunal Supremo de la Isla, o por las cortes de distrito de Puerto Rico, a nombre de El Pueblo de Puerto Rico, y dirigido a alguna persona o personas naturales, a una corporación o a un tribunal judicial de inferior categoría, dentro de su jurisdicción, requiriéndole para el cumplimiento de algún acto que en dicho auto se exprese y que esté dentro de sus atribuciones o deberes. Dicho auto no confiere nueva autoridad y la parte a quien obliga deberá tener la facultad de poder cumplirlo. Sección 1 de la ley estableciendo el auto de *mandamus*. Leyes 1903, p. 116.

El *mandamus* es una acción o procedimiento judicial de naturaleza civil, extraordinario en el sentido de que procede sólo cuando no existe otro remedio adecuado, de carácter privilegiado, ya que la expedición, así del alternativo como del perentorio o mandamiento final descansa en la discreción de la corte, dirigido a poner en vigor solamente derechos legales claros, y a compeler a las cortes a conocer y a proceder en el ejercicio de su jurisdicción, o a compeler a corporaciones, públicas y privadas, y a juntas públicas, comisionados y funcionarios, a ejercer su jurisdicción o discreción y a cumplir deberes ministeriales, cuyos deberes resulten de su empleo, fideicomiso o situación, y sean clara y perentoriamente im-

puestos por la ley como absolutos y oficiales.   23 Cyc., 139 y casos citados.

Si examinamos las alegaciones y las pruebas a la luz de lo dispuesto por ley vigente y de lo establecido por la jurisprudencia de los tribunales reasumida por Cyc. en el párrafo que dejamos transcrito, concluiremos, sin esfuerzo alguno, que la Corte de Distrito de Guayama ejercitó debidamente su discreción al negarse a expedir finalmente el auto de *mandamus* solicitado por el apelante Ortiz.

No está envuelta en este caso la nulidad o validez de la ordenanza municipal.   El peticionario se acogió a sus preceptos y de hecho reconoció su validez.

Para que pudiera prosperar la solicitud del peticionario, dados los términos en que el debate ha sido planteado y la naturaleza del recurso escogido por el propio peticionario, tendría que demostrarse que el alcalde estaba en el deber ineludible de expedir una nueva licencia al peticionario.

Y las alegaciones y las pruebas demuestran que las ordenanzas cuyas disposiciones pertinentes han sido transcritas, se encontraban en vigor en el municipio de Guayama; que el peticionario, que era un tablajero debidamente autorizado que se hallaba en el ejercicio activo de su empleo, fué denunciado por vender carne falta de peso; que el alcalde practicó una amplia investigación con conocimiento previo y a la presencia del peticionario y llegó a la conclusión de que el peticionario era culpable y le retiró entonces la licencia, sin que contra esa resolución del alcalde entablara el peticionario recurso alguno, y que días después el peticionario pidió al alcalde que le renovara la licencia fundándose en que había sido absuelto por la corte municipal del mismo hecho por el que fué denunciado ante el alcalde y el alcalde se negó a renovar la licencia.

De tales hechos no puede deducirse la conclusión de que el alcalde estaba obligado de modo ineludible a expedir al peticionario una nueva licencia.   La sentencia de la corte municipal tuvo el efecto de absolver al acusado y de librarlo

de toda responsabilidad criminal, pero el alcalde no tenía el deber absoluto de sustituir su juicio formado por el examen directo de la prueba practicada en el expediente administrativo, por el juicio del juez municipal. Y a este respecto diremos que el mismo peticionario admitió en la investigación administrativa, que a la carne que vendiera le faltaban cien gramos pero que no fué por voluntad suya sino por defecto en la romana, y que se ha declarado en el caso de *The City of New York* v. *Biffle,* 91 N. Y. Sup., 737, citado en Kerr's Penal Code, párrafo 553, "que con arreglo a la ordenanza que determina un castigo por usar balanzas de peso falso, el hecho de que pierdan éstas su equilibrio por habérseles puesto otros platillos después de limpiadas, no constituye una defensa, siendo el propósito de dicha ordenanza el evitar que los compradores adquieran efectos de peso incompleto, y el comprador será de igual modo engañado con balanzas que no marquen el debido peso, ya resulte esto de cualquiera imperfección en dichas balanzas, porque alguien las desarregle o alguna persona confunda sus platillos."

Por las razones expuestas, debe declararse sin lugar el recurso interpuesto y confirmarse la resolución apelada.

*Confirmada.*

Jüeces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.