Antonio Fernández, demandante y apelado, *v.* Las Monjas Racing Corporation, demandada y apelante.

Núm. 7495.—*Sometido:* Enero 25, 1938. *Resuelto:* Marzo 10, 1938.

*Leopoldo Feliú,* abogado de la apelante; *Gonzalo Ardín,* abogado del apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

En las carreras de caballos que tuvieron lugar el 2 de diciembre de 1936, el peticionario jugó y pagó un cuadro que resultó triunfante por haber acertado las siete carreras celebradas en dicho día.

Al practicarse el escrutinio con el objeto de determinar las personas entre las cuales habría de dividirse el montante del *pool,* el cuadro del peticionario fué sometido a la consideración de la Comisión Hípica Insular para que ésta decidiera si dicho cuadro era válido o si los defectos de que el mismo adolecía eran suficientes para invalidarlo. La Comisión sostuvo la validez del cuadro y ordenó que su importe fuese pagado por Las Monjas Racing Corporation, la cual se ha negado a hacer el ameritado pago.

Alegando que carece de otro remedio legal adecuado para obligar a la corporación demandada a cumplir lo que le ha sido ordenado por la Comisión Hípica Insular, el peticionario solicitó de la Corte de Distrito de San Juan la expedición de un auto de *mandamus* por el que se ordenara a la demandada pagar al peticionario la suma de $292.95, importe del cuadro, más las costas y honorarios de abogado.

Expedido el auto en forma alternativa, compareció la demandada y en oposición a las pretensiones del peticionario alegó que los hechos expuestos en la petición son insuficientes

para determinar una causa de acción; y que la corte de distrito carecía de jurisdicción sobre el caso por razón de su materia.

Resuelto el caso por sentencia adversa a la demandada, ésta apeló para ante este Tribunal Supremo.

Conviene hacer constar que en el acto de la vista las partes estipularon como hechos probados que en las mismas carreras del 2 de diciembre de 1936 apareció otro cuadro reclamado por un tal Carlos Brignoni; que dicho cuadro fué declarado nulo o inválido por la comisión; que la corporación demandada se negó también a pagar el importe reclamado por Brignoni; que la demandada instó ante la misma Corte de Distrito de San Juan una acción para una sentencia declaratoria por la que se resuelva si está o no obligada a pagar a uno y otro de los dos alegados ganadores; y que la demandada consignó y depositó en la corte la suma que habría de corresponder a cada uno de los reclamantes, sujeto a las resultancias de la acción declaratoria.

Como se ve por los hechos que acabamos de exponer, no se trata de un caso en que dos personas distintas reclaman a otra el pago de una misma cantidad, y el deudor deposita la cantidad en la corte para que ésta decida a cuál de los dos reclamantes debe ser pagada. La reclamación de Brignoni no tiene relación alguna con la que ha formulado el aquí peticionario y apelado.

El apelante señala como errores de la corte inferior (1) haber expedido un auto perentorio de *mandamus* para ordenar el pago de una suma adeudada a virtud de una obligación contractual; y (2) haber considerado la obligación de la apelante como un deber ministerial estatutario.

La Ley núm. 11 de 18 de abril de 1932 (Leyes de ese año, págs. 195, 211), denominada "Ley Hípica" dispone:

"Artículo 27.—Toda persona natural o jurídica que, de acuerdo con esta Ley, estableciere o tuviere establecido debidamente un hipódromo en Puerto Rico y explotase o permitiese que otra persona explote, dentro de los terrenos de su hipódromo el negocio de bancas

alemanas o *pools,* será responsable a la persona que apostare de cualquier reclamación justa; *disponiéndose,* que las decisiones del Jurado y de la Comisión Hípica Insular constituirán autoridad bastante para que el dueño del hipódromo que las acate quede exento de ulterior responsabilidad.''

Como complemento de la disposición legislativa que precede, el Reglamento de la Comisión Hípica Insular dispone en su artículo 205 que las decisiones de la Comisión serán definitivas y concluyentes para todos los efectos.

Las relaciones que se crean entre el dueño de un hipódromo explotador de un ''pool'' y el comprador o jugador de un ''cuadro,'' no son a nuestro juicio de naturaleza puramente contractual. Las partes contratantes son en realidad todas aquellas personas que mediante la compra de un cuadro y el pago de su precio aportan los fondos necesarios para constituir un fondo común, denominado ''pool'', para ser pagado a la persona o personas que acertaren el mayor número de caballos triunfadores. El explotador del ''pool'' no es en realidad parte en un contrato de apuesta. Su interés es fijo y no aleatorio, estando limitado a un tanto por ciento del montante total de las apuestas de los jugadores. Su posición legal es la de un mero depositario o ''trustee'' de los fondos aportados por los jugadores para beneficio de aquellos que resultaren ganadores y que tuvieren una reclamación justa. Sus deberes como tal depositario o ''trustee'' están claramente establecidos por la Ley Hípica, art. 27, supra, y no por contrato. La determinación de la justicia de una reclamación presentada por el jugador de un cuadro es función de la Comisión Hípica Insular y no del explotador del ''pool.'' Tan pronto como la comisión dicta una decisión favorable al jugador reclamante, el depositario de los fondos del ''pool'' tiene el deber ministerial de hacer efectivo el importe del cuadro a su dueño, sin que pueda establecer recurso alguno en contra de la decisión de la comisión, por tener tal decisión el carácter de definitiva y concluyente para todos los efectos.

■ La interposición de una demanda sobre sentencia declaratoria, que fije los derechos de las partes y resuelva si la reclamación del aquí peticionario es o no es justa, no puede tener el efecto de privar al dueño de un cuadro cuya reclamación ha sido declarada justa por la comisión, del derecho a exigir que se le haga efectiva su ganancia, ni de eximir al explotador del "pool" de la obligación que la ley le impone de pagar la suma que tiene en su poder como depositario. El propósito evidente del legislador ha sido el de conferir a la Comisión Hípica jurisdicción exclusiva y definitiva para conocer de las reclamaciones que puedan ser formuladas por los jugadores al "pool." Permitir que se utilice el recurso de la acción declaratoria para revisar lo que ya ha sido resuelto por la Comisión Hípica, equivaldría a conceder al explotador del "pool" un recurso de apelación que el legislador le negó expresamente al disponer que las decisiones de la comisión tendrá el carácter de definitivas y concluyentes. Tampoco sería justo obligar al dueño del cuadro a iniciar una acción para recobrar una suma que ya le ha sido adjudicada definitiva y concluyentemente por la comisión y que el depositario está obligado a pagar por ministerio de la ley.

■ El artículo 650 del Código de Enjuiciamiento Civil, ed. 1933, autoriza la expedición de un auto de *mandamus* contra cualquier persona o corporación para obligarla a realizar cualquier acto que la ley le ordene especialmente como un deber resultante de un empleo, cargo o función, *"resulting from an office, trust or station."* Cuando el deber incumplido es ministerial o ejecutivo y su cumplimiento no depende de la discreción del llamado a cumplirlo, el auto de *mandamus* puede y debe ser expedido. Véanse: *Ortiz* v. *Muñoz,* 19 D.P.R. 850, *Santiago* v. *Feuille,* 10 D.P.R. 432 y *Pagán* v. *Towner, Gobernador,* 35 D.P.R. 1.

Somos de opinión de que tan pronto como la Comisión Hípica falló que el cuadro del peticionario era válido y su reclamación justa, la obligación de pagar su importe se convir-

tió en un deber ministerial de naturaleza pública de la corporación demandada como depositaria de los fondos.

Arguye la apelante que al disponer en la sección 27 de la Ley Hípica, supra, que "las decisiones de la Comisión Hípica constituirán autoridad bastante para que el dueño del hipódromo que las acate quede exento de ulterior responsabilidad," el legislador dejó a la discreción del depositario de los fondos el acatar o no acatar tales decisiones. No creemos que el lenguaje del estatuto sea susceptible de tal interpretación. Para aceptarla tendríamos que aceptar también que las facultades cuasi judiciales que la ley concede a la comisión, para investigar y fallar sobre la justicia de una reclamación, son vanas formalidades y que el único juez y árbitro sobre si debe o no debe pagarse el importe de un cuadro es el depositario de los fondos, no obstante su aceptación del depósito sujeto a la obligación de pagarlo a la persona que a juicio de la comisión presentare una reclamación justa. El propósito del legislador fué, a nuestro juicio, simplemente el de exonerar y proteger al depositario una vez que éste haya cumplido la orden de pago dictada por la comisión.

*Por las razones expuestas opinamos que no erró la Corte inferior al expedir el auto de mandamus y que debe confirmarse su sentencia.*

El Juez Asociado Señor Córdova Dávila no intervino.