ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **TEKCEL, LLC**<br><br>Apelante<br><br>v.<br><br>**MUNICIPIO DE CIALES y OTROS**<br><br>Apelado | KLAN202300953 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **Arecibo**<br><br>Civil Núm.: **CI2023CV00152**<br><br>Sobre: Mandamus |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Martínez Cordero y la Jueza Boria Vizcarrondo[1].

Boria Vizcarrondo, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de febrero de 2024.

Tekcel, LLC. (en adelante Apelante) acude ante nos, mediante recurso de Apelación y solicita la revisión y revocación de la Sentencia emitida el 29 de septiembre de 2023, por el Tribunal de Primera Instancia (en adelante TPI), Sala Superior de Arecibo[2]. Mediante dicho dictamen, el TPI desestimó su *Petición de Mandamus.*

I.

El 13 de junio de 2023[3], Tekcel, LLC presentó ante el TPI una *Petición de Mandamus* contra el Municipio de Ciales y el Hon. Alexander Burgos Otero (en adelante Apelado), en su capacidad oficial como alcalde del antedicho municipio. Tekcel, LLC alegó que el Apelado incumplió con su deber ministerial para recibir, aceptar y emitir recibo de pago de arbitrios de construcción y patentes

---

[1] Mediante la Orden Administrativa OATA-2023-212 de 6 de diciembre de 2023, se designó a la Hon. Lersy G. Boria Vizcarrondo como integrante de este Panel Especial en sustitución de la Hon. Giselle Romero García.
[2] Véase el Apéndice del Apelante, a las págs. 41-45. Notificada el 29 de septiembre de 2023.
[3] *Íd.* a las págs. 1-21

municipales, sin justificación alguna en ley, para la construcción de una torre de telecomunicaciones en los predios del municipio.

El presente pleito tiene su génesis el 13 de marzo de 2023 cuando el Apelante presentó ante la Oficina de Gerencia de Permisos (OGPe) una solicitud de permiso de construcción. El 20 de abril de 2023 Tekcel, LLC fue notificada por la OGPe de un documento intitulado *"Notificación de Requisitos para la Aprobación de Permiso de Construcción".* Este documento exige, como uno de los requisitos para la emisión del permiso de construcción, el pago de arbitrios de construcción y patentes municipales a favor del municipio donde se construirá la facilidad. El Apelante adujo que el Municipio se negó a recibir el pago, en contravención a su deber ministerial. A su vez, planteó que el ente competente para regular los endosos de planos de infraestructura para proyectos de Telecomunicaciones, lo es la Oficina de Gerencia de Permisos, a través de su Reglamento Conjunto de 2 de diciembre de 2020, sección 9.11.8 y citó la siguiente disposición:

> Un eficiente sistema de telecomunicaciones es de importancia para la salud, seguridad y bienestar regional, así como para todo Puerto Rico. Asimismo, el endoso de planos de infraestructura y servidumbre para instalaciones de telecomunicaciones, televisión por cable, banda ancha y otros es una actividad que requiere reglamentación particular y aplicación uniforme de la misma; por lo que; su implantación corresponde al NET.
> Las solicitudes de permiso para todo proyecto de infraestructura y servidumbre para instalaciones de telecomunicaciones, televisión por cable, banda ancha y otros serán consideradas por el Secretario Auxiliar de la OGPe. En los casos de los Municipios Autónomos se presentarán las solicitudes ante estos; no obstante, el municipio elevará la solicitud a la OGPe, dentro del término de diez (10) días siguientes a la presentación de la misma y deberá informar, simultáneamente, sobre dicha acción al solicitante, por escrito.

Además, citó disposiciones del Código Municipal de Puerto Rico, 21 L.P.R.A. sec. 7001[4]:

---

[4] Ley Núm. 107 del 13 de agosto de 2020, según enmendada.

Ningún municipio que tenga la facultad para evaluar y expedir permisos para el tipo de obra o proyecto, cuya facultad de consideración se retiene por las agencias públicas, podrá negarse a aprobar la obra o proyecto, de estar dicha obra o proyecto en conformidad con lo dispuesto por las agencias públicas, ni podrá modificar las condiciones impuestas por estas.

A su vez, el Apelante presentó como una disposición mandatoria al municipio, el Artículo 2.110 sec. 7332 del Código Municipal, y adujo que del antedicho artículo emanaba la obligación ministerial de recibir el pago de arbitrios de construcción y patentes municipales. En particular, que dicha sección dispone que una vez el proyectista notifica al municipio el costo de la obra, este cuenta con un término de 15 días para evaluar el estimado y aceptar o rechazar el mismo. El precitado artículo dispone lo siguiente:

Artículo 2.110-Pago del Arbitrio de Construcción-Reclamaciones y Otros (21 L.P.R.A. sec. 7332)
Los municipios aplicarán las siguientes normas con relación al arbitrio de construcción:

(a) Radicación de Declaración- La persona natural o jurídica responsable de llevar a cabo la obra como dueño, o su representante, deberá someter ante la Oficina de Finanzas del municipio en cuestión una Declaración de Actividad detallada por renglón que describa los costos totales de la obra a realizarse.

(b) Determinación del Arbitrio – El Director de Finanzas, o su representante autorizado, revisará el valor estimado de la obra declarada por el contribuyente en la Declaración de Actividad e informará su decisión mediante correo certificado con acuse de recibo o entrega registrada con acuse de recibo al solicitante antes de quince (15) días después de radicada la Declaración. El Director de Finanzas podrá:

(1) Aceptar el valor estimado de la obra declarado por el contribuyente, en cuyo caso le aplicará el tipo contributivo que corresponda y determinará el importe del arbitrio autorizado.

(2) Rechazar el valor estimado de la obra declarado por el contribuyente, en cuyo caso este procederá a estimar preliminarmente el valor de la obra a los fines de la imposición del arbitrio, dentro del término improrrogable de quince (15) días, contados a partir de la radicación de la Declaración por el contribuyente. Efectuada esta determinación preliminar, la misma será notificada al contribuyente por correo certificado con acuse de recibo.

(c) Pago del Arbitrio- Cuando el Director de Finanzas, o su representante autorizado, acepte el valor estimado de la obra declarada por el contribuyente según el anterior inciso (b)(1), el contribuyente efectuará el pago del arbitrio correspondiente dentro de los quince (15) días laborables siguientes a la determinación final, en giro bancario, método electrónico o cheque certificado pagadero a favor del municipio. El oficial de la Oficina de Recaudaciones de la División de Finanzas emitirá un recibo de pago identificando que se trata del arbitrio sobre la actividad de construcción. Cuando el Director de Finanzas, o su representante autorizado, rechace el valor estimado de la obra e imponga un arbitrio según el inciso (b)(2) de este Artículo, el contribuyente podrá:

(1) Proceder dentro de los quince (15) días laborables siguientes al acuse de recibo, con el pago del arbitrio, aceptando así la determinación del Director de Finanzas como una determinación final.

(2) Proceder con el pago del arbitrio impuesto bajo protesta dentro de los quince (15) días laborables siguientes al acuse de recibo de la notificación de la determinación preliminar; y, dentro del mismo término, solicitar por escrito la reconsideración de la determinación preliminar del Director de Finanzas, radicando dicha solicitud ante el Oficial de la Oficina de Recaudaciones ante quien se realice el pago.

(3) Negarse a efectuar el pago, detener su plan de construcción, mover la fecha de comienzo de la obra y solicitar una revisión judicial, según lo dispuesto por el Artículo 1.050 de este Código, dentro del término improrrogable de veinte (20) días, contados a partir de la notificación de la determinación del Director de Finanzas.

Todo contribuyente que pague el arbitrio voluntariamente o bajo protesta recibirá un recibo de pago, por lo que, a su presentación ante la Oficina de Permisos correspondiente, esta podrá expedir el Permiso de Construcción correspondiente.

Así las cosas, el 23 de junio de 2023 el TPI celebró una vista de *Mandamus,* en la que, la parte Apelante presentó tres (13) Exhibits que fueron estipulados:

1.  Carta del 8 de mayo de 2023 dirigida al alcalde de Ciales, Hon. Alexander Burgos Otero.

2.  Notificación de Requisitos para Aprobación de Permiso de Construcción.

3.  Desglose de los Costos de Construcción.

4. Determinación de Cumplimiento Ambiental.

5. Recomendación Ambiental.

6. Aprobación del Negociado de Telecomunicaciones.

7. Aprobación del Departamento de Recursos Naturales.

8. Aprobación de Bomberos.

9. Aprobación del Programa de Arqueología.

10. Aprobación de la Oficina de Preservación de Sitios Históricos.

11. Aprobación de FAA.

12. Aprobación de Fish & Wildlife.

13. Aprobación de Luma.

Tras evaluar la solicitud del demandante, el Tribunal determinó que, a pesar de la admisión de evidencia documental, de haber evaluado los testimonios vertidos durante la vista y haber evaluado la Moción de Desestimación, presentada por la parte demandada y la Oposición de la parte demandante, este último no pudo demostrar lo siguiente:

(a) Que no dispone de otro remedio legal adecuado;

(b) Que existe un deber ministerial, es decir, un acto no discrecional de un deber impuesto por ley y el mismo emana de un cargo o función pública.

En síntesis, que la parte demandante fracasó en señalar específicamente el estatuto del cual surge el acto mandatorio que debe realizar el alcalde.

Por todo lo cual, el TPI declaró No Ha Lugar con perjuicio, a la petición de *Mandamus* presentada por Tekcel, LLC.

Inconforme, el 26 de octubre de 2023, el Apelante recurre a nuestro foro mediante un *Recurso de Apelación* y señala el siguiente error:

**A. Err[ó] el Honorable Tribunal de Instancia al declarar No Ha Lugar [a] la solicitud de petición de Mandamus y emitir Sentencia contrario a [d]erecho,**

**al razonar que la parte demandante falló en demostrar que carece de otro remedio legal adecuado y fracas[ó] en señalar específicamente el estatuto legal del cual surge el acto mandatorio que debe realizar el Alcalde.**

El 30 de octubre de 2023, este Tribunal concedió mediante Resolución, hasta el lunes, 27 de noviembre de 2023, a la Apelada, para presentar su alegato. Así las cosas, el 8 de diciembre de 2023, la Apelada presentó *Escrito en Oposición a Apelación.*

Con el beneficio de la comparecencia de las partes, resolvemos.

II.

El Artículo 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421, define el auto de *mandamus* como un recurso altamente privilegiado, dictado por un tribunal de justicia a nombre del Gobierno de Puerto Rico y dirigido a alguna persona, corporación o tribunal de inferior jerarquía, requiriéndole el cumplimiento de algún acto dentro de sus atribuciones o deberes ministeriales. El auto de *mandamus* sólo procede para exigir el cumplimiento de un deber impuesto por la ley; es decir, un deber calificado de "ministerial" y que, como tal, no admite discreción en su ejercicio, sino que es mandatorio e imperativo. *AMPR v. Srio. Educación, ELA*, 178 DPR 253, 263 (2010).

El requisito fundamental para expedir el recurso de *mandamus* es la constancia de un deber claramente exigido por ley que debe ser ejecutado. Si la ley prescribe y define el deber que debe cumplirse con tal precisión y certeza que nada deja al ejercicio de la discreción o juicio, el acto es ministerial. *Íd.* Sin embargo, cuando la ejecución del acto o la acción que se describe depende de la discreción o juicio del funcionario, tal deber no es ministerial y como tal, queda fuera del ámbito del recurso de *mandamus. Íd.*

El deber ministerial que exige el *mandamus* debe emanar de un empleo, cargo o función pública, por lo que el recurso procede

contra todos los funcionarios del ejecutivo. *Noriega v. Hernández Colón,* 135 DPR 406, 449 (1994). Puede presentarse en contra de funcionarios públicos, cualquier agencia, junta o tribunal inferior de nuestro sistema judicial, siempre que éstos estén obligados a ejecutar un acto por mandato de ley. Art. 650 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3422.

El auto de *mandamus,* como lo expresa la ley, es uno "altamente privilegiado". Ello significa que su expedición no se invoca como cuestión de derecho, sino que descansa en la sana discreción del foro judicial. *AMPR v. Srio. Educación, E.L.A.,* supra; *Ortiz v. Muñoz, Alcalde de Guayama,* 19 DPR 850 (1913).

Su expedición no procederá en los casos en que se encuentre un recurso adecuado y eficaz en el curso ordinario de la ley. Art. 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423.

La petición de *mandamus* debe justipreciarse a la luz de diversos requerimientos, entiéndase: (1) que el demandado tenga un deber u obligación ministerial impuesto por ley; (2) que el peticionario tenga un interés especial en el derecho que reclama; (3) que el deber de actuar de la agencia y el derecho del peticionario surja de **la ley de forma clara y patente;** (4) que el peticionario no tiene otro remedio legal para hacer valer su derecho; y (5) que, estimado el efecto que tendrá la expedición del auto, el Tribunal entienda que los fines de la justicia obligan a su expedición. Véase, 32 L.P.R.A secs. 3421-3423.

Es importante resaltar, que la carga probatoria en la concesión o denegación de un auto de *mandamus* descansa sobre el peticionario. *AMPR v. Srio. Educación, E.L.A.,* supra, pág. 269.

III.

En el caso ante nos, discutiremos el error señalado por el Apelante quien, en desacuerdo con la determinación del TPI, acude ante este foro y señala que erró el TPI al declarar No Ha Lugar a su

Petición de *mandamus* y que emitió una Sentencia contrario a derecho, al haber razonado que no pudieron demostrar que carecían de otro remedio legal adecuado ni señalar específicamente el estatuto legal del cual surge el acto mandatorio que debía realizar el alcalde.

Según explicamos en la discusión del derecho aplicable, el *mandamus* es un recurso altamente privilegiado, discrecional y de naturaleza extraordinaria, que no podrá dictarse en los casos en que se encuentre un recurso adecuado y eficaz en el curso ordinario de la ley. La expedición del *mandamus* no puede invocarse como una cuestión de derecho, sino que depende de la sana discreción del Tribunal. De ordinario, el ejercicio de las facultades discrecionales por el foro de instancia, merece nuestra deferencia. Cónsono con lo anterior, un tribunal apelativo sólo podrá intervenir con el ejercicio de la discreción en aquellas situaciones en que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo.

Luego de un análisis de la totalidad del expediente ante nuestra consideración, forzoso es concluir que no surge el alegado deber ministerial que el Alcalde ha incumplido. A pesar, de que el Apelante reiteradamente ha señalado que existe disposición estatutaria que establece un deber ministerial, de la prueba presentada, no surge el acto mandatorio. El Apelante no pudo establecer que no dispone de otro remedio legal adecuado.

Concurrimos con el dictamen emitido por el TPI, que concluyó que la parte demandante no pudo demostrar el deber del Alcalde de actuar de determinada forma, sin margen a ejercer su discreción.

IV.

Así pues, a tenor con la normativa atinente discutida, confirmamos el dictamen del tribunal apelado, desestimando con perjuicio la demanda sobre solicitud de mandamus.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones