ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO COMO AGENTE DE SERVICIO DE MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY<br><br>PETICIONARIOS<br><br>V.<br><br>SUCN. ORLANDO ANTONIO MIRANDA, ET ALS<br><br>RECURRIDOS | KLRX202400015 | *MANDAMUS* procedente del Tribunal de Primera Instancia Sala de Caguas<br><br>Caso Núm.: ECD2012-1291<br><br>Sobre:<br><br>Ejecución de Hipoteca *In Rem* |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de diciembre de 2024.

Comparece mediante una "*Petición de Mandamus*" el Banco Popular de Puerto Rico, como agente de servicio de Massachusetts Mutual Life Insurance Company (en adelante, "Banco Popular"). En su comparecencia, nos solicita que expidamos el presente recurso de *mandamus*. Esto, a los efectos de ordenar al Hon. Juez Elías Rivera Fernández ("juez Rivera Fernández") del Tribunal de Primera Instancia, Sala Superior de Caguas, que cumpla con su deber ministerial de resolver la moción urgente en solicitud de retiro de fondos, presentada el 27 de diciembre de 2023, por el Banco Popular en el caso ECD2012-1291.

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *mandamus* presentado.

### I.

El caso ECD2012-1291 tiene su origen en la reclamación sobre ejecución de hipoteca (*In Rem*), presentada el 15 de octubre de 2012, por el Banco Popular, en contra de los herederos de Orlando Antonio Miranda y su

cónyuge supérstite, Sandra Ivelisse Cotto Sanabria (en lo sucesivo, "los demandados"). Luego de varias incidencias procesales que no son necesarias de pormenorizar, el 13 de octubre de 2016, el tribunal de instancia emitió "*Sentencia Sumaria*" a favor del Banco Popular. En consecuencia, les ordenó a los demandados satisfacer la cuantía que adeudaban al Banco Popular. Dicha sentencia, se notificó el 13 de marzo de 2023. El 28 de junio de 2023, el Banco Popular presentó "*Moción Solicitando Ejecución de Sentencia.*" Mediante esta, notificó que el importe concedido a su favor en la "*Sentencia Sumaria*" aún no había sido satisfecho por los demandados. Consecuentemente, peticionó la venta en pública subasta del bien objeto de litigio.

Así las cosas, el 1 de noviembre de 2023, se celebró la referida subasta pública en la cual el bien hipotecado fue vendido por la cantidad de $94,800.00. Ante ello, la aludida cantidad fue depositada en el foro primario por el licitador victorioso. Acto seguido, el 8 de noviembre de 2023, el Banco Popular presentó una "*Moción Solicitando Retiro de Fondos.*" Mediante esta, peticionó al tribunal de instancia que, de la suma depositada por el licitador, se le concediera la cantidad de $92,600.09 en concepto de la acreencia que le correspondía.

En atención a ello, el 16 de noviembre de 2023, el foro primario por voz del juez Rivera Fernández, notificó una "*Orden.*" Mediante esta, declaró *Ha Lugar* la "*Moción Solicitando Retiro de Fondos.*" Sin embargo, se limitó a concederle al Banco Popular la cantidad de $52,001.72; más los intereses que acumuló dicha cantidad mediante estuvo depositada en el tribunal.

En desacuerdo, el 27 de diciembre de 2023, el Banco Popular presentó una "*Urgente Moción en Solicitud de Enmienda Nunc Pro Tunc y para el Desembolso de Fondos.*" En esencia, solicitó que se enmendara la "*Orden*" notificada el 16 de noviembre de 2023, a los fines de que se le concediera la totalidad de las partidas que entendía que se le adeudaban. Siendo así, peticionó la cantidad de $40,570.31, dado que, según sostuvo, era la suma que le faltaba por recibir para completar el pago total de los

$92,600.09 solicitados.[1] Nuevamente, el 7 de marzo de 2024, el Banco Popular presentó una "*Urgente Moción en Solicitud de Remedios y para el Desembolso de Fondos Consignados*." Mediante esta, reiteró su solicitud del 27 de diciembre de 2023, toda vez que esta no había sido atendida por el juez Rivera Fernández. Ante la ausencia de respuesta, el 1 de agosto de 2024, el Banco Popular presentó una "*Moción Urgente en Solicitud de Orden.*" En síntesis, peticionó nuevamente que se resolviera la solicitud presentada el 27 de diciembre de 2023 y retirada el 7 de marzo de 2024. Aun sin respuesta del juez Rivera Fernández, el 30 de agosto de 2024, el Banco Popular presentó una "*Cuarta Moción Urgente en Solicitud de Orden para Retiro de Fondos*." En esencia, reiteró los argumentos de sus escritos previos y solicitó que se resolvieran las mociones presentadas.

Al no atenderse las referidas solicitudes, el 10 de octubre de 2024, el Banco Popular presentó ante nos una "*Petición de Mandamus*." Mediante esta, planteó el siguiente asunto:

> El Honorable Juez Elías Rivera Fernández tiene el deber ministerial de actuar conforme a las obligaciones de su cargo y de proceder a resolver las mociones urgentes en solicitud de retiro de fondos pertenecientes a la parte peticionaria en estricto derecho, sometidas ante su consideración desde el 27 de diciembre de 2023, sin oposición alguna, en el caso ECD2012-1291.

Así las cosas, el 17 de octubre de 2024, esta Curia emitió, y notificó el 25 de octubre de 2024, una "*Resolución.*" Mediante esta, se le concedió al juez Rivera Fernández un término de diez (10) días para exponer su posición en cuanto a la "*Petición de Mandamus*." Ante ello, el 6 de noviembre de 2024, el juez Rivera Fernández presentó ante nos la copia de una "*Orden*" emitida por él, en fecha de 4 de noviembre de 2024, en el caso ECD2012-1291. La referida "Orden" lee como sigue: "*Parte demandante: 10 días para que demuestre el computo de los fondos que pretende retirar*."

Al no incluir en dicha comparecencia su posición respecto al recurso presentado por el Banco Popular, el 8 de noviembre de 2024, emitimos una "*Resolución.*" Mediante esta, le concedimos al juez Rivera Fernández un término final, a vencer el 22 de noviembre de 2024, para que cumpliera con

---

[1] Junto a su solicitud presento un "*Payoff Statement*" con fecha del 20 de diciembre de 2023.

lo ordenado en la "*Resolución*" emitida el 17 de octubre de 2024 por este Tribunal. Ante ello, el 22 de noviembre de 2024, el juez Rivera Fernández presentó ante nos un escrito intitulado "*Resolución.*" Mediante esta, expuso que el Banco Popular había dilatado los procesos de ejecución de la sentencia dictaminada. A su vez, concluyó su comparecencia con la siguiente frase: "*Corresponde a este honorable panel del Tribunal de Apelaciones pasar juicio sobre dicha práctica.*"

Tras examinar las comparecencias de las partes, procedemos a resolver el asunto que nos ocupa.

**II.**

**I.    Recurso de *Mandamus*:**

El Artículo 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421, define el auto de *mandamus* como un recurso altamente privilegiado, dictado por un tribunal de justicia a nombre del Gobierno de Puerto Rico y dirigido a alguna persona, corporación o tribunal de inferior jerarquía, requiriéndole el cumplimiento de algún acto dentro de sus atribuciones o deberes ministeriales.

El auto de *mandamus* sólo procede para exigir el cumplimiento de un deber impuesto por la ley; es decir, un deber calificado de "ministerial" y que, como tal, no admite discreción en su ejercicio, sino que es mandatorio e imperativo. *Aponte Rosario et al. v. Pres. CEE II,* 205 DPR 407, 427-428 (2020); *AMPR v. Srio. Educación, ELA*, 178 DPR 253, 263 (2010). Por tanto, el requisito fundamental para expedir el recurso de *mandamus* es la constancia de un deber claramente exigido por ley que debe ser ejecutado. Si la ley prescribe y define el deber que debe cumplirse con tal precisión y certeza que nada deja al ejercicio de la discreción o juicio, el acto es ministerial. *Íd.* Por el contrario, cuando la ejecución del acto o la acción que se describe depende de la discreción o juicio del funcionario, tal deber no es ministerial y como tal, queda fuera del ámbito del recurso de *mandamus. Íd.*

El deber ministerial que exige el *mandamus* debe emanar de un empleo, cargo o función pública, por lo que el recurso procede contra todos

los funcionarios del ejecutivo. *Noriega v. Hernández Colón*, 135 DPR 406, 449 (1994). Puede presentarse en contra funcionarios públicos, cualquier agencia, junta o tribunal inferior de nuestro sistema judicial, siempre que éstos estén obligados a ejecutar un acto por mandato de ley. Art. 650 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3422.

El auto de *mandamus,* como lo expresa la ley, es uno "altamente privilegiado". Ello significa que su expedición no se invoca como cuestión de derecho, sino que descansa en la sana discreción del foro judicial. *AMPR v. Srio. Educación, E.L.A.,* supra; *Ortiz v. Muñoz, Alcalde de Guayama*, 19 DPR 850 (1913). Su expedición no procederá en los casos en que se encuentre un recurso adecuado y eficaz en el curso ordinario de la ley. Art. 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423; *Bhatia Gautier v. Gobernador*, 199 DPR 59, 75 (2017).

La Regla 54 de Procedimiento Civil establece los requisitos para presentar y atender un *mandamus.* A saber, el auto de *mandamus* podrá obtenerse presentando una solicitud jurada al efecto. Cuando el derecho a exigir la inmediata ejecución de un acto sea evidente y aparezca que no se podrá dar ninguna excusa por no ejecutarlo, el tribunal podrá ordenar perentoriamente la concesión del remedio; de otro modo, ordenará que se presente una contestación y tan pronto sea conveniente, celebrará una vista, recibiendo prueba, si es necesario, y dictará su decisión prontamente. 32 LPRA Ap. V, R. 54. Se ha resuelto además que para la expedición de un auto de *mandamus* el tribunal deberá considerar los siguientes factores: (1) el posible impacto que éste pueda tener sobre los intereses públicos involucrados; (2) evitar una intromisión indebida en los procedimientos del poder ejecutivo, y (3) que el auto no se preste a confusión o perjuicio de los derechos de terceros. *Kilómetro O v. Pesquera López et al*., 207 DPR 200, 215 (2021); *Noriega v. Hernández Colón*, supra, pág. 448.

En términos procesales, debe existir un requerimiento previo del peticionario hacia el demandado para que este cumpla con el deber exigido. *AMPR v. Srio. Educación, E.L.A.,* supra, pág. 267; *Noriega v. Hernández*

*Colón*, *supra,* págs. 448-449. Solo se exime de este requisito cuando aparece que el requerimiento hubiese sido inútil e infructuoso, pues hubiese sido denegado si se hubiera hecho; o cuando el deber que se pretende exigir es uno de carácter público a diferencia de uno de naturaleza particular, que afecta solamente el derecho del peticionario. (Citas omitidas). *Íd.*

De otra parte, la carga probatoria en la concesión o denegación de un auto de *mandamus* descansa sobre el peticionario. *AMPR v. Srio. Educación, E.L.A.,* supra, pág. 269. Es este quien tiene la obligación de demostrar la existencia de un deber ministerial que no ha cumplido el funcionario público contra quien se ha presentado el recurso. Una vez la parte demandante prueba la existencia de un deber ministerial y que este no se ha cumplido, le corresponde al funcionario sobre quien recae tal deber ministerial la carga probatoria de demostrar que la concesión del auto afectaría negativamente un interés público mayor o que simplemente se le hace imposible. *Íd.*

El Tribunal de Apelaciones podrá conocer en primera instancia una petición de *mandamus.* Art. 4.006 (d) de la Ley Núm. 201-2003, Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, 4 LPRA sec. 24y. Dicha petición se regirá por la reglamentación procesal civil, por las leyes especiales pertinentes y por las reglas aplicables del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 55 En particular, la Regla 54 del Reglamento del Tribunal de Apelaciones rige la presentación de los procedimientos de *mandamus* ante este Tribunal al disponer, en lo pertinente, que:

(A) Cualquier petición para que el tribunal expida un recurso de hábeas corpus o *mandamus* contendrá numeradas, en el orden que aquí se dispone, las partes siguientes:

(1) Las citas de las disposiciones legales que establecen la jurisdicción del tribunal y la Región Judicial a la que corresponde el recurso de conformidad con la ley y el inciso (G) de esta regla.

(2) Un breve resumen de los hechos.

(3) Un señalamiento breve y conciso de las controversias de derecho planteadas en la petición, de las disposiciones de la ley y de la jurisprudencia aplicables.

(4)     Un argumento de las controversias planteadas.

(5)     La súplica.

4 LPRA Ap. XXII-B, R. 55.

**III.**

En su comparecencia, el Banco Popular, nos solicita que expidamos el presente auto de *mandamus* a los fines de ordenar al juez Rivera Fernández, que cumpla con su deber ministerial de resolver las mociones presentadas por el Banco Popular que aún están pendientes de adjudicación.

Conforme fue expuesto, la expedición de un recurso de *mandamus* procede ante el incumplimiento de un deber impuesto por ley que no es de naturaleza discrecional. En el caso presente, el juez Rivera Fernández tiene el deber ministerial de resolver los escritos que las partes hayan presentado. El referido deber emana del cargo que ocupa todo Juez del Tribunal de Primera Instancia. A tenor de ello, las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico de 1999, preceptúan lo siguiente:

> Los casos contenciosos atendidos en sus méritos y las mociones de sentencia sumaria se resolverán dentro de los noventa (90) días a partir de la fecha en que queden sometidos para su adjudicación. Toda otra moción, los casos en rebeldía y otros asuntos judiciales serán resueltos dentro de quince (15) días contados a partir de la fecha en que el asunto quede sometido al tribunal. No obstante, uno y otro término podrán extenderse, razonablemente, cuando la naturaleza del asunto o alguna causa extraordinaria lo hagan necesario.

> Regla 24 (A).

Además, según lo establece la normativa atinente al auto de *mandamus,* dicho recurso requiere que la parte peticionaria (en este caso el Banco Popular) realice un requerimiento previo a los efectos de que se cumpla con el deber ministerial en cuestión. En el asunto que nos concierne, el Banco Popular presentó su primera moción el 27 de diciembre de 2023. Ante la ausencia de resolución para el escrito presentado, el Banco Popular reiteró su solicitud los días: 7 de marzo de 2024; 1 de agosto de 2024; y 30 de agosto de 2024, sin obtener respuesta alguna para sus petitorios. Por consiguiente, el Banco Popular cumplió con realizar el requerimiento

establecido para este tipo de recursos. Siendo así, el juez Rivera Fernández tiene el deber ministerial de adjudicar las mociones presentadas.

De otra parte, señalamos que las comparecencias del 6 de noviembre de 2024 y 22 de noviembre de 2024 del juez Rivera Fernández, no incluyeron la posición del referido Juez respecto al recurso de *mandamus*. De igual modo, aclaramos que nuestra función en este tipo de recursos se limita a evaluar si procede o no expedir el recurso presentado a los efectos de que se cumpla un deber ministerial. Por consiguiente, cualquier otro asunto que trascienda los referidos límites no será tomado en consideración al momento de evaluar la procedencia de expedición del recurso. Así pues, al cumplir el presente auto de *mandamus* con los requisitos atinentes para su expedición, procedemos a ordenar al juez Rivera Fernández que cumpla con su deber ministerial de resolver los escritos presentados. Luego de ello, la parte que quede afectada por la adjudicación que realice el referido Juez, podrá, a su discreción, presentar alguno de los recursos que contempla nuestro sistema jurídico para recurrir de decisiones adversas.

**IV.**

Por los fundamentos expuestos, expedimos el auto de *mandamus* presentado. En consecuencia, ordenamos al juez Rivera Fernández que cumpla con su deber ministerial de resolver las mociones que fueron presentadas por el Banco Popular que están pendientes de adjudicación.

**Notifíquese inmediatamente** a todas las partes y a la Hon. Viviana Torres Reyes, Jueza Administradora de la Región Judicial de Caguas.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones