ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **JESÚS F. IGLESIAS GARCÍA**<br><br>QUERELLADO PETICIONARIO<br><br>V.<br><br>TF AUTO LLC., h/n/c TOÑITO AUTO KIA<br><br>QUERELLANTES RECURRIDO | KLRA202500285 | *REVISIÓN JUDICIAL* procedente del Departamento de Asuntos al Consumidor<br><br>Caso Núm.: SAN-2023-0013060<br><br>Sobre:<br><br>Talleres de Mecánicas de Automóviles |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de mayo de 2025.

Comparece ante nos, el Licenciado Jesús F. Iglesias García (en adelante, "el recurrente"). A los fines de solicitar nuestra intervención para que le ordenemos al Departamento de Asuntos del Consumidor (DACo) que emita una resolución final en el caso de epígrafe.

Por los fundamentos que expondremos a continuación*, desestimamos* el recurso presentado.

**I.**

Surge del expediente ante nuestra consideración, que el día 7 de noviembre de 2022, el recurrente presentó una "*Querella*" ante el DACo. Esto, por aducidos actos de impericia profesional realizados por TF Auto LLC h/n/c Tonito Auto Kia al reparar el vehículo de motor del recurrente.

Tras varios trámites procesales ante el DACo y antes de dictarse una resolución final para el caso, el 16 de mayo de 2025, el recurrente compareció ante este Tribunal mediante "*Moción en Auxilio de Jurisdicción.*" A través de esta, argumentó que la vista adjudicativa del caso fue celebrada hace un año y DACo no ha emitido la resolución final correspondiente. Además, aseveró que una funcionaria del DACo le indicó que había que repetir los procesos celebrados ante la agencia. Así

Número Identificador
RES2025 _____

pues, sostuvo que DACo incumplió con toda la normativa que regula sus procedimientos. En virtud de lo expuesto, nos peticionó que asumamos jurisdicción del caso; que ordenemos a DACo que emita una resolución final en la que se concedan los remedios solicitados en la "*Querella*;" y que se investiguen unas posibles violaciones éticas.

## II.

### A. Jurisdicción:

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos o controversias. *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024). "Es por eso que la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia." *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020); *Peerless Oil v. Hermanos Pérez*, 186 DPR 239, 249 (2012). A tales efectos, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

En lo pertinente, las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos deben observarse rigurosamente. Véase, *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 590 (2019) y *Lugo v. Suárez,* 165 DPR 729, 737 (2005). El incumplimiento de dichas disposiciones reglamentarias puede impedir la revisión del foro apelativo. *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 549-550 (2017). Así pues, el Tribunal de Apelaciones tiene facultad para desestimar un recurso apelativo o denegar un auto discrecional al amparo de la Regla 83, 4 LPRA Ap. XXII-B, R. 83*,* en los escenarios en que carece de jurisdicción para atender el recurso presentado.

### B. Recurso de Revisión Judicial:

El Tribunal de Apelaciones es un tribunal intermedio cuyo propósito es proveer a los ciudadanos de un foro apelativo para revisar, entre otras, decisiones finales de los organismos y agencias administrativas traídas

ante su consideración mediante un recurso de revisión judicial. Art. 4.001-4.002 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24t-24u. La revisión de las decisiones finales de los organismos y agencias administrativas ante este Tribunal de Apelaciones se tramita de conformidad con la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG), Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601 et. seq., y de conformidad con el Reglamento del foro apelativo.

En lo aquí pertinente, la sección 4.2 de la LPAUG establece lo siguiente:

> **Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones**, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. (Énfasis suplido). 3 LPRA sec. 9672.

De forma similar el Reglamento del Tribunal de Apelaciones establece lo siguiente: "El escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de treinta días contados a partir de la fecha del archivo en autos de la copia de la notificación **de la orden o resolución final del organismo o agencia**." 4 LPRA Ap. XXII-B, R. 57. (Énfasis suplido).

Conforme lo anterior, nuestro Tribunal Supremo ha definido que *la orden o resolución final* "es aquella que pone fin a todas las controversias dilucidadas ante la agencia y cuyo efecto es sustancial sobre las partes." A.R.Pe *v. Coordinadora,* 165 DPR 850, 867 (2005). Por ello, nuestro Más Alto Foro ha pronunciado que "los tribunales se abstendrán de evaluar la actuación de la agencia hasta tanto la persona o junta que dirija esa entidad resuelva la controversia en su totalidad." *Íd.* En otras palabras, "nuestro sistema de derecho administrativo sujeta la aplicación

del [recurso de revisión judicial] a la existencia de una actuación agencial final que adjudique los derechos y las obligaciones de las partes." *Crespo Claudio v. O.E.G.*, 173 DPR 804, 814 (2008).

**C. Recurso de *Mandamus*:**

El Artículo 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421, define el auto de *mandamus* como un recurso altamente privilegiado, dictado por un tribunal de justicia a nombre del Gobierno de Puerto Rico y dirigido a alguna persona, corporación o tribunal de inferior jerarquía, requiriéndole el cumplimiento de algún acto dentro de sus atribuciones o deberes ministeriales.

El auto de *mandamus* sólo procede para exigir el cumplimiento de un deber impuesto por la ley; es decir, un deber calificado de "ministerial" y que, como tal, no admite discreción en su ejercicio, sino que es mandatorio e imperativo. *Aponte Rosario et al. v. Pres. CEE II,* 205 DPR 407, 427-428 (2020); *AMPR v. Srio. Educación, ELA*, 178 DPR 253, 263 (2010). Su expedición no se invoca como cuestión de derecho, sino que descansa en la sana discreción del foro judicial. *Id*; *Ortiz v. Muñoz, Alcalde de Guayama*, 19 DPR 850 (1913). La referida expedición no procederá en los casos en que se encuentre un recurso adecuado y eficaz en el curso ordinario de la ley. Art. 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423; *Bhatia Gautier v. Gobernador*, 199 DPR 59, 75 (2017).

El Tribunal de Apelaciones podrá conocer en primera instancia una petición de *mandamus.* Art. 4.006 (d) de la Ley Núm. 201-2003, Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, 4 LPRA sec. 24y(d). Dicha petición se regirá por la reglamentación procesal civil, por las leyes especiales pertinentes y por las reglas aplicables del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 54.

Así pues, la Regla 54 de Procedimiento Civil lee como sigue:

> El auto de *mandamus*, tanto perentorio como alternativo, podrá obtenerse presentando **una solicitud jurada al efecto**. Cuando se solicite dicho remedio y el derecho a exigir la inmediata ejecución de un acto sea evidente y

aparezca que no se podrá dar ninguna excusa para no ejecutarlo, el tribunal podrá ordenar perentoriamente la concesión del remedio; de otro modo, ordenará que se presente una contestación. Tan pronto sea conveniente, el tribunal celebrará una vista, recibiendo prueba, si es necesario, y dictará su decisión prontamente. Se obtendrá el cumplimiento de las órdenes dictadas por el tribunal del mismo modo en que se exige el cumplimiento de cualquier otra orden. (Énfasis Suplido). 32 LPRA Ap. V, R. 54.

En cuanto al contenido de la petición de *mandamus*, la Regla 55 del Reglamento del Tribunal de Apelaciones establece lo siguiente:

(A) Cualquier petición para que el tribunal expida un recurso de hábeas corpus o *mandamus* contendrá numeradas, en el orden que aquí se dispone, las partes siguientes:

(**1) Las citas de las disposiciones legales que establecen la jurisdicción del tribunal** y la Región Judicial a la que corresponde el recurso en conformidad con la ley y el inciso (G) de esta regla.

(2) Un breve resumen de los hechos.

(3) Un señalamiento breve y conciso de las controversias de derecho planteadas en la petición **y de las disposiciones de la ley y de la jurisprudencia aplicables**.

(4) Un argumento de las controversias planteadas.

(5) La súplica.

(Énfasis suplido). 4 LPRA Ap. XXII-B, R. 55(A).

Además, la precitada Regla 55 establece que para la correcta tramitación del recurso de *mandamus* la parte peticionaria deberá emplazar a todas las partes a tenor con las disposiciones de las Reglas de Procedimiento Civil y de las leyes pertinentes. 4 LPRA Ap. XXII-B, R. 55(J).

**D. Auxilio de Jurisdicción**:

Una solicitud en auxilio de jurisdicción "es un remedio provisional que está predicado en la facultad inherente que tiene todo tribunal para estructurar remedios que protejan su jurisdicción y eviten un fracaso de la justicia." *Pantoja Oquendo v. Mun. de San Juan*, 182 DPR 101, 108-109 (2011). Se trata también de un remedio en equidad cuya procedencia recae en la sana discreción de los tribunales. *García López y otros v. E.L.A.*, 185 DPR 371, 377 (2012). Las ordenes provisionales que se pueden emitir en virtud de un auxilio de jurisdicción tienen el propósito de

paralizar los efectos de una decisión recurrida o de evitar alguna consecuencia adversa que pueda causar daño sustancial a una de las partes mientras el tribunal resuelve los méritos de un recurso presentado. *San Gerónimo Caribe Project v. A.R.Pe.*, 174 DPR 640, 654 (2008).

Las solicitudes de auxilio de jurisdicción que se presenten ante el Tribunal de Apelaciones deberán cumplir con el Reglamento del foro apelativo. En específico, la parte peticionaria deberá observar lo establecido en la Regla 79, 4 LPRA Ap. XXII-B, R. 79. Dicha regla lee en lo atinente como sigue:

> A) Para hacer efectiva su jurisdicción en cualquier asunto pendiente ante sí, el Tribunal de Apelaciones podrá expedir cualquier orden provisional, la cual será obligatoria para las partes en la acción, sus oficiales, agentes, empleados, empleadas, abogados y abogadas, y para aquellas personas que actúen de acuerdo o participen activamente con ellas y que reciban aviso de la orden mediante cualquier forma de notificación. Dichas órdenes se regirán por las disposiciones pertinentes del Código de Enjuiciamiento Civil, las Reglas de Procedimiento Civil, las Reglas de Procedimiento Criminal y, en lo que no fuere incompatible con aquéllas, se regirán también por estas reglas.
> […]
> (E) Cualquier solicitud de orden bajo esta regla se ajustará, en cuanto a su forma y contenido, a las disposiciones de las Reglas 68 y 70, llevará el mismo epígrafe del caso principal, deberá ser notificada a las demás partes, y a cualquier persona contra quien se solicita un remedio, mediante el método que asegure que éstas queden notificadas de la solicitud simultáneamente con su presentación, y hará constar la notificación en la propia solicitud. De presentarse la solicitud de orden el mismo día en que se presenta el recurso, la notificación simultánea de dicha solicitud incluirá la notificación del recurso con su Apéndice. A los fines de la notificación simultánea a que se refiere esta regla, podrán utilizarse los métodos de notificación personal, por teléfono o correo electrónico, de forma que las partes advengan en conocimiento de la solicitud de orden y del recurso inmediatamente de su presentación.
> […]

### III.

El recurrente se limitó a presentar ante esta Curia una petición intitulada "*Moción en Auxilio de Jurisdicción.*" La referida solicitud no se presentó en compañía de un recurso principal, como lo es un recurso de revisión judicial, el cual es el mecanismo adecuado para recurrir de los casos que se hayan ventilado ante una agencia administrativa. De igual modo, el recurrente no notificó la "*Moción en Auxilio de Jurisdicción*" de la

forma provista en el Reglamento de este Tribunal. La Regla 79(E), *supra* requiere que las solicitudes de auxilio de jurisdicción se notifiquen de forma simultánea a su presentación, ya sea por notificación personal, por teléfono o correo electrónico. Siendo así, la notificación postal realizada por el recurrente carece del elemento de notificación inmediata a su presentación exigido por la precitada regla. En vista de lo expuesto, la solicitud del recurrente incumple con las disposiciones reglamentarias pertinentes a la presentación de una solicitud de auxilio de jurisdicción.

De igual modo, surge de la "*Moción en Auxilio de Jurisdicción*" que el recurrente se expresa sobre un caso que no ha sido resuelto de forma final por el DACo. Ante ello, la solicitud del recurrente incumple con las disposiciones de revisión judicial contenidas en la Ley Núm. 38-2017, *supra* mediante las cuales solo son revisables las resoluciones finales emitidas por los foros administrativos.

De otra parte, el recurrente nos solicita que le ordenemos a DACo que emita una resolución final en su caso. Aun si se considerase la solicitud del recurrente como una petición de *mandamus*, esta incumple de igual manera con las disposiciones reglamentarias pertinentes. De entrada, el recurrente no presentó la "*Moción en Auxilio de Jurisdicción*" mediante una solicitud jurada según lo establece la Regla 54 de Procedimiento Civil, *supra*. Asimismo, su petición incumple con lo establecido en la Regla 55 del Reglamento de este Tribunal*.* En específico, la "*Moción en Auxilio de Jurisdicción*" carece de las disposiciones legales que establecen la jurisdicción del tribunal apelativo y de las disposiciones de la ley y jurisprudencia aplicables. A su vez, el recurrente no certificó que emplazó a las partes de conformidad con las disposiciones del ordenamiento procesal civil.

A la luz de las inobservancias del recurrente respecto a las disposiciones reglamentarias aplicables, determinamos *desestimar* el recurso presentado.

**IV.**

Por los fundamentos que anteceden, *desestimamos* el recurso presentado por el recurrente.

**Notifíquese.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones