Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| ANGEL L. MAISONET RIVERA  PETICIONARIO  V.  DEPARTAMENTO DE HACIENDA Y DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN  RECURRIDOS | TA2025RA00041 | *MANDAMUS*  Querella Núm.: C BD2007G0058  Sobre:  Moción de Solicitud y Requerimiento sobre el Incentivo Federal COVID 19 |
|---|---|---|

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

**Brignoni Mártir, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 10 de julio de 2025.

Comparece por derecho propio, el señor Ángel L. Maisonet Rivera, (en lo sucesivo, "el peticionario"), mediante la petición de *Mandamus* de epígrafe. A los fines de solicitar nuestra intervención para que le ordenemos al Departamento de Hacienda ("DH") y al Departamento de Corrección y Rehabilitación ("DCR") que le hagan entrega de un incentivo federal del COVID-19.

Por los fundamentos que expondremos a continuación*, desestimamos* la petición de *Mandamus* presentada.

**I.**

El peticionario se encuentra recluido en la Institución Penitenciaria de Sabana Hoyos Núm. 728, localizada en Arecibo, Puerto Rico. Surge de sus dichos que, para la fecha del 21 de noviembre de 2021, le requirieron que presentara cierta información necesaria para la entrega de un estímulo federal por la Pandemia del COVID-19. Desde entonces, según alega, han pasado tres (3) años sin recibir respuesta alguna para su solicitud de fondos federales. Cónsono con lo anterior, aduce que le ha requerido infructuosamente al DH que le provea información sobre el

estado de su petición de incentivos federales. Ante ello, recurre ante nos

a través de la petición de epígrafe y señala en esencia lo siguiente:

> [Q]ue este Hon. Tribunal pueda otorgar una Orden o notificándome en donde el Dpt. De Hacienda y el Dept. de Corrección puedan dejarme sa[b]er que está su[c]ediendo y que tenga el Tiempo requerido sobre el Estatuto de limitación.

**II.**

**A.      Jurisdicción:**

La jurisdicción es el poder o la autoridad de un tribunal para

considerar y decidir casos o controversias. *R&B Power, Inc. v. Junta de*

*Subastas ASG*, 213 DPR 685, 698 (2024). "Es por eso que la falta de

jurisdicción de un tribunal incide directamente sobre el poder mismo para

adjudicar una controversia." *Allied Mgmt. Group v. Oriental Bank,* 204

DPR 374, 386 (2020); *Peerless Oil v. Hermanos Pérez*, 186 DPR 239,

249 (2012). A tales efectos, si un tribunal carece de jurisdicción, solo resta

así declararlo y desestimar la reclamación sin entrar en los méritos de la

controversia. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660

(2014).

En lo pertinente, las disposiciones reglamentarias que rigen el

perfeccionamiento de los recursos deben observarse rigurosamente.

Véase, *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 590 (2019) y

*Lugo v. Suárez,* 165 DPR 729, 737 (2005). El incumplimiento de dichas

disposiciones reglamentarias puede impedir la revisión del foro apelativo.

*Montañez Leduc v. Robinson Santana*, 198 DPR 543, 549-550 (2017). Así

pues, el Tribunal de Apelaciones tiene facultad para desestimar un

recurso apelativo o denegar un auto discrecional al amparo de la Regla

83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re*

*Aprob. Enmdas. Reglamento* TA, 2025 TSPR 42, pág. 105-116, 215 DPR

___ (2025), en los escenarios en que carece de jurisdicción para atender

el recurso presentado.

**B.      Recurso de *Mandamus*:**

El Artículo 649 del Código de Enjuiciamiento Civil, 32 LPRA sec.

3421, define el auto de *mandamus* como un recurso altamente

privilegiado, dictado por un tribunal de justicia a nombre del Gobierno de Puerto Rico y dirigido a alguna persona, corporación o tribunal de inferior jerarquía, requiriéndole el cumplimiento de algún acto dentro de sus atribuciones o deberes ministeriales.

El auto de *mandamus* sólo procede para exigir el cumplimiento de un deber impuesto por la ley; es decir, un deber calificado de "ministerial" y que, como tal, no admite discreción en su ejercicio, sino que es mandatorio e imperativo. *Aponte Rosario et al. v. Pres. CEE II,* 205 DPR 407, 427-428 (2020); *AMPR v. Srio. Educación, ELA*, 178 DPR 253, 263 (2010). Su expedición no se invoca como cuestión de derecho, sino que descansa en la sana discreción del foro judicial. *Id*; *Ortiz v. Muñoz, Alcalde de Guayama*, 19 DPR 850 (1913). La referida expedición no procederá en los casos en que se encuentre un recurso adecuado y eficaz en el curso ordinario de la ley. Art. 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423; *Bhatia Gautier v. Gobernador*, 199 DPR 59, 75 (2017).

El Tribunal de Apelaciones podrá conocer en primera instancia una petición de *mandamus.* Art. 4.006 (d) de la Ley Núm. 201-2003, Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, 4 LPRA sec. 24y(d). Dicha petición se regirá por la reglamentación procesal civil, por las leyes especiales pertinentes y por las reglas aplicables del Reglamento del Tribunal de Apelaciones. Regla 54 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento* TA, 2025 TSPR 42, pág. 75-76, 215 DPR ___ (2025).

Así pues, la Regla 54 de Procedimiento Civil lee como sigue:

El auto de *mandamus*, tanto perentorio como alternativo, podrá obtenerse presentando **una solicitud jurada al efecto**. Cuando se solicite dicho remedio y el derecho a exigir la inmediata ejecución de un acto sea evidente y aparezca que no se podrá dar ninguna excusa para no ejecutarlo, el tribunal podrá ordenar perentoriamente la concesión del remedio; de otro modo, ordenará que se presente una contestación. Tan pronto sea conveniente, el tribunal celebrará una vista, recibiendo prueba, si es necesario, y dictará su decisión prontamente. Se obtendrá el cumplimiento de las órdenes dictadas por el tribunal del mismo modo en que se exige el cumplimiento de cualquier otra orden. (Énfasis Suplido). 32 LPRA Ap. V, R. 54.

En cuanto al contenido de la petición de *mandamus*, la Regla 55 del Reglamento del Tribunal de Apelaciones establece lo siguiente:

(A)  Cualquier petición para que el tribunal expida un recurso de hábeas corpus o *mandamus* contendrá numeradas, en el orden que aquí se dispone, las partes siguientes:

   (1)  **Las citas de las disposiciones legales que establecen la jurisdicción del tribunal** y la Región Judicial a la que corresponde el recurso en conformidad con la ley y el inciso (G) de esta regla.

   (2)  Un breve resumen de los hechos.

   (3)  **Un señalamiento breve y conciso de las controversias de derecho planteadas en la petición y de las disposiciones de la ley y de la jurisprudencia aplicables**.

   (4)  Un argumento de las controversias planteadas.

   (5)  La súplica.

   (Énfasis suplido). Regla 55(A) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento* TA, 2025 TSPR 42, pág. 76, 215 DPR ___ (2025).

Además, la precitada Regla 55 establece que para la correcta tramitación del recurso de *mandamus* la parte peticionaria deberá emplazar a todas las partes a tenor con las disposiciones de las Reglas de Procedimiento Civil y de las leyes pertinentes. Regla 55(J) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento* TA, 2025 TSPR 42, pág. 77, 215 DPR ___ (2025).

**III.**

Conforme se desprende de la exposición de hechos esbozadas, el peticionario acude ante nos para que emitamos una Orden al DH y al DCR a los fines de que estas agencias lleven a cabo la entrega de un incentivo federal sobre el cual el peticionario entiende que tiene derecho. El peticionario solicita dicho remedio a través de una petición de *Mandamus*, presentada ante este Tribunal.

Si bien esta Curia puede conocer en primera instancia de peticiones de *Mandamus* ello no se da en el vacío ni fuera de parámetro alguno. Para el examen de este tipo de petitorios son de aplicabilidad mandatoria las disposiciones reglamentarias de nuestro ordenamiento procesal civil y del Reglamento de este Foro. Al evaluar la petición de

"*Mandamus*" de epígrafe, se desprende que esta incumple con las disposiciones legales necesarias para su perfeccionamiento. La referida petición no fue presentada a través de una solicitud jurada ni contiene las citas de las disposiciones legales que establecen la jurisdicción del tribunal. De igual modo, dicha petición omite señalar las cuestiones de derecho planteadas y las disposiciones de la ley y de la jurisprudencia aplicables. A su vez, el peticionario no certificó si emplazó al DH y al DCR, según el proceso requerido por la Regla 55 (J), *supra*.

Asimismo, la información escueta y limitada expuesta por el peticionario no nos coloca en posición de evaluar si el requerimiento que él le realiza al DH y al DCR se encuentra dentro las facultades ministeriales imperativas de dichas agencias.

En vista del evidente incumplimiento con las disposiciones reglamentarias que rigen el perfeccionamiento de este tipo de peticiones, desestimamos la petición de *Mandamus* presentada.

**IV.**

Por los fundamentos expuestos, se desestima la petición de *Mandamus* presentada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones