ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| EDWARDO SANTIAGO CLAUDIO<br><br>RECURRENTE<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>RECURRIDOS | TA2025RA00201 | *REVISIÓN DE RECURSO ADMINISTRATIVO* procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre:<br>Negligencia Médica |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 8 de septiembre de 2025.

Comparece ante nos, por derecho propio, el señor Edwardo Santiago Claudio (en adelante, "el peticionario"). A los fines de que le ordenemos al Departamento de Corrección y Rehabilitación (en lo sucesivo, por sus siglas, "DCR"), que ejecute las gestiones pertinentes para que lo atienda un Dentista externo a la institución penitenciaria a la que se encuentra recluido.

Al tratarse el presente recurso de una petición de *Mandamus*, lo acogemos como tal. Por consideraciones de economía procesal, conservamos la denominación alfanumérica asignada al recurso.

Por los fundamentos que expondremos a continuación, *desestimamos* la petición presentada por no cumplir con los requisitos reglamentarios para su debido perfeccionamiento. De otra parte, ordenamos que el presente dictamen sea notificado al Secretario del DCR para que tome conocimiento de la situación de salud que aqueja al peticionario.

**I.**

Surge del expediente ante nuestra consideración, que el peticionario se encuentra recluido en la Institución Penitenciaria de Guayama 500 en la que extingue una pena condenatoria.

El origen del presente *Mandamus* data del 8 de diciembre de 2023. En dicha fecha, el peticionario presentó ante el DCR una "*Solicitud de Remedio Administrativo.*" A través de esta solicitó que se le facilitaran servicios de salud dental, puesto que desde el 22 de febrero de 2023 no había recibido servicios médicos para su "molar superior roto."

En atención de ello, el 18 de diciembre de 2023, el DCR emitió "*Respuesta al Miembro de la Población Correccional.*" Mediante esta, desestimó la solicitud del peticionario bajo el fundamento de que éste no había agotado la posibilidad de gestionar su reclamo ante el "área concernida a su planteamiento."

Así las cosas, el 11 de septiembre de 2024, el peticionario instó una nueva "*Solicitud de Remedio Administrativo*" ante el DCR. Por medio de este escrito reiteró sus previos planteamientos toda vez que aún no había recibido asistencia dental. Sostuvo, que realizó esfuerzos infructuosos para la atención de su reclamo mediante un "sick call;" ante la Doctora que realiza revisiones anuales; y de forma directa con la dentista de la institución.

Así pues, el 18 de noviembre de 2024, el DCR emitió una nueva "*Respuesta al Miembro de la Población Correccional.*" De la misma surge la siguiente contestación: "Le informamos que se le envió copia de esta queja a la asistente dental de su institución para que le programe una cita tan pronto tenga un espacio disponible."

Al no recibir atención para su reclamo, el 22 de enero de 2025, el peticionario presentó nuevamente una "*Solicitud de Remedio Administrativo.*" Mediante esta, reiteró su solicitud de servicios dentales y esbozó, entre otras, las siguientes expresiones:

> En noviembre me llamaron para cita pero no me encontraba en el [á]rea de vivienda ya que trabajo fuera de la institución en el taller de ebanistería. No me notificaron el d[í]a antes ni a los oficiales a cargo del taller. El día que llamaron tampoco le notificaron al oficial del taller [por] lo cual perdí la cita. Le solicito que se me de una cita ya que necesito el servicio urgentemente.

Ante ello, el 26 de marzo de 2025, el DCR emitió una nueva *"Respuesta al Miembro de la Población Correccional."* De esta surge las siguientes expresiones:

> Relacionado a su remedio administrativo le informamos que se le entregó copia de su queja a la dentista de su institución e informó que le va a reprogramar su cita tan pronto tenga espacio disponible.

Al no recibir el servicio esperado, el 22 de agosto de 2025, el peticionario compareció ante este Tribunal a través de una petición de *"Mandamus."* Asevera, que la falta de atención a su condición de salud ha deteriorado su salud física y emocional. Además, aduce que durante el transcurso de dos (2) años ha agotado todos los recursos necesarios y aun así no ha recibido el tratamiento requerido. En vista de lo anterior, nos solicita que le ordenemos al DCR que preste la debida atención a su situación de salud dental y con ello se le transfiera a un dentista externo para que pueda recibir los servicios dentales requeridos. Además, peticionó una indemnización en daños por la aducida negligencia del DCR al no propiciarle los servicios solicitados.

El peticionario acompañó la petición de *Mandamus* con una *"Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia."*

**II.**

**A. Jurisdicción:**

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos o controversias. *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024). "Es por eso que la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia." *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020); *Peerless Oil v. Hermanos Pérez*, 186 DPR 239,

249 (2012). A tales efectos, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

En lo pertinente, las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos deben observarse rigurosamente. Véase, *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 590 (2019) y *Lugo v. Suárez,* 165 DPR 729, 737 (2005). El incumplimiento de dichas disposiciones reglamentarias puede impedir la revisión del foro apelativo. *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 549-550 (2017). Así pues, el Tribunal de Apelaciones tiene facultad para desestimar un recurso apelativo o denegar un auto discrecional al amparo de la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento* TA, 2025 TSPR 42, pág. 105-116, 215 DPR ___ (2025), en los escenarios en que carece de jurisdicción para atender el recurso presentado.

**B.      Recurso de *Mandamus*:**

El Artículo 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421, define el auto de *mandamus* como un recurso altamente privilegiado, dictado por un tribunal de justicia a nombre del Gobierno de Puerto Rico y dirigido a alguna persona, corporación o tribunal de inferior jerarquía, requiriéndole el cumplimiento de algún acto dentro de sus atribuciones o deberes ministeriales.

El auto de *mandamus* sólo procede para exigir el cumplimiento de un deber impuesto por la ley; es decir, un deber calificado de "ministerial" y que, como tal, no admite discreción en su ejercicio, sino que es mandatorio e imperativo. *Aponte Rosario et al. v. Pres. CEE II,* 205 DPR 407, 427-428 (2020); *AMPR v. Srio. Educación, ELA*, 178 DPR 253, 263 (2010). Su expedición no se invoca como cuestión de derecho, sino que descansa en la sana discreción del foro judicial. *Id*; *Ortiz v. Muñoz, Alcalde de Guayama*, 19 DPR 850 (1913). La referida expedición no

procederá en los casos en que se encuentre un recurso adecuado y eficaz en el curso ordinario de la ley. Art. 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423; *Bhatia Gautier v. Gobernador*, 199 DPR 59, 75 (2017).

El Tribunal de Apelaciones podrá conocer en primera instancia una petición de *mandamus.* Art. 4.006 (d) de la Ley Núm. 201-2003, Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, 4 LPRA sec. 24y(d). Dicha petición se regirá por la reglamentación procesal civil, por las leyes especiales pertinentes y por las reglas aplicables del Reglamento del Tribunal de Apelaciones. Regla 54 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento* TA, 2025 TSPR 42, pág. 75-76, 215 DPR ___ (2025).

Así pues, la Regla 54 de Procedimiento Civil lee como sigue:

> El auto de *mandamus*, tanto perentorio como alternativo, podrá obtenerse presentando **una solicitud jurada al efecto**. Cuando se solicite dicho remedio y el derecho a exigir la inmediata ejecución de un acto sea evidente y aparezca que no se podrá dar ninguna excusa para no ejecutarlo, el tribunal podrá ordenar perentoriamente la concesión del remedio; de otro modo, ordenará que se presente una contestación. Tan pronto sea conveniente, el tribunal celebrará una vista, recibiendo prueba, si es necesario, y dictará su decisión prontamente. Se obtendrá el cumplimiento de las órdenes dictadas por el tribunal del mismo modo en que se exige el cumplimiento de cualquier otra orden. (Énfasis Suplido). 32 LPRA Ap. V, R. 54.

Además, la Regla 55(J) del Reglamento del Tribunal de Apelaciones establece, que para la correcta tramitación del recurso de *mandamus* la parte peticionaria deberá emplazar a todas las partes a tenor con las disposiciones de las Reglas de Procedimiento Civil y de las leyes pertinentes. Regla 55(J) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento* TA, 2025 TSPR 42, pág. 77, 215 DPR__ (2025).

**III.**

El peticionario comparece ante este Foro mediante el recurso de *Mandamus.* En esencia, nos solicita que le ordenemos al DCR que brinde la atención debida a su condición de salud dental. Si bien este Tribunal tiene la facultad de conocer peticiones de *"Mandamus"* en primera

instancia, ello no es una potestad que se de en el vacío o fuera de parámetro alguno. Las peticiones de *Mandamus* tienen unos requisitos reglamentarios que se deben cumplir para lograr su debido perfeccionamiento y en consecuencia activar nuestra función revisora. El presente *Mandamus* no cumple a cabalidad con dichos requisitos, puesto que el recurso no se acompañó de una solicitud jurada ni se peticionó la expedición de emplazamientos para el DCR.

Cabe señalar, que las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos deben observarse rigurosamente y que una parte comparezca por derecho propio, por sí solo, no justifica que incumpla con las reglas procesales aplicables. Véase, *Febles v. Romar*, 159 DPR 714, 722 (2003). En vista de lo anterior, la petición de *Mandamus* ante nuestra consideración no quedó debidamente perfeccionada por incumplir con requisitos aplicables de nuestro Reglamento y de las Reglas de Procedimiento Civil. Por consiguiente, *desestimamos* el recurso de *Mandamus* presentado por el peticionario.

En cuanto a la *"Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia,"* la misma se declara *Ha Lugar*.

**IV.**

Por los fundamentos expuestos, se *desestima* la petición de *Mandamus*. De otra parte, ordenamos que la presente determinación sea notificada al Secretario del DCR para que tome conocimiento de la situación de salud que aqueja al peticionario.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones